IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. 19-bk-13287 |
| | ) | Chapter 7 |
| JAMES COSMANO, | ) | Judge A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES COSMANO, | ) | Adv. Proc. No. 21-ap-00059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT UNITED STATES' ANSWER

Defendant United States of America ("United States") hereby responds to the adversary complaint of the plaintiff James Cosmano ("Plaintiff") as follows:

FIRST DEFENSE

The injunctive relief sought by the adversary complaint is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

SECOND DEFENSE

Except as provided in 11 U.S.C. § 524(a)(1), Plaintiff is estopped and barred from contesting his tax liabilities for the 2007 through 2010 income tax years because a money judgment was entered against him on January 12, 2018, in the case of *United States v. James Cosmano*, Case No. 17-cv-5721 (N.D.Ill.).

## THIRD DEFENSE

As for its third defense, the United States responds to the separate paragraphs of Plaintiff's adversary complaint (*italics*) by stating and alleging as follows:

1.  *Cosmano's case was commenced on May 8, 2019 by the filing of a voluntary petition for relief under chapter 7 of title 11, United States Code ("Code").*

ANSWER: Admits.

2.  *This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334(b).*

ANSWER: Admits.

3.  *This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(I).*

ANSWER: Admits.

4.  *Pursuant to 28 U.S.C. § 1408 and 1409, this district is the proper venue for this adversary proceeding.*

ANSWER: Admits.

5.  *Among the creditors listed by Cosmano in his Bankruptcy Petition which included the Schedules and Statement of Financial Affairs was the United States of America via the Internal Revenue Service ("IRS").*

ANSWER: Admits that Schedule D to Plaintiff's petition to commence the underlying Chapter 7 bankruptcy case, Case No. 19-bk-13287 (Bankr. N.D.Ill.), listed the Internal Revenue Service as a creditor, and denies the remaining allegations.

6. The United States of America was given proper notice of the filing of Cosmano's Bankruptcy Case and received the "Notice of Chapter 7 Bankruptcy Case" which was sent by the Bankruptcy Noticing Center on May 11, 2019.

ANSWER: Admits.

7. As of the Petition Date, Cosmano allegedly owed the IRS approximately $6,051,979.00 for income taxes, penalties and interest (collectively "Tax Liability") for calendar years 2007-10 (collectively "Tax Years").

ANSWER: Admits that, as of the petition date of Plaintiff's underlying Chapter 7 bankruptcy case, Plaintiff owed the United States $6,468,401.56 in federal income taxes, penalties, and interest, with respect to his 2007, 2008, 2009, and 2010 tax years, and denies the remaining allegations.

8. On August 7, 2017, the United States of America filed suit in the United States District Court for the Northern District of Illinois Case 17-cv-5721 against Cosmano for the stated purpose to reduce to judgment the Tax Liability. ("the District Court Case").

ANSWER: Admits.

9. No allegations stated in the District Court case allege Cosmano made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability nor is there an allegation of a fraudulent return or willfully attempting in any manner to evade or defeat such tax liability in the District Court's Judgment.

ANSWER: Admits that the complaint in the District Court case did not allege civil fraud penalties, and denies the remaining allegations.

10. In the past few weeks, The United States of America has made accusations in this Court and other forums that the Tax Years in question (2007-2010) are not dischargeable

*because the Cosmano's federal tax debts were excepted from discharge under Section 523(a)(1)(C). These accusations are made without support or a factual basis.*

ANSWER: Admits that Plaintiff's federal income taxes and interest thereon for his 2007, 2008, 2009, and 2010 tax years may be excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C), and lacks knowledge or information sufficient to admit or deny the remaining allegations.

*11.    In fact, the United States has not and cannot prove that Cosmano's federal tax debts were excepted from discharge because Cosmano either made a fraudulent return or willfully attempted to evade or defeat the payment of taxes.*

ANSWER: Lacks knowledge or information sufficient to admit or deny the allegations.

*12.    Pursuant to 11 U.S.C. Section 523(a)(1) and 11 U.S.C. Section 507(a)(8) the income taxes, plus any additional accrued interest and penalties owing by Cosmano for the tax years in question (2007-2010) is dischargeable for each year because:*

ANSWER: Lacks knowledge or information sufficient to admit or deny the allegations.

*a.    The tax return due date, plus extensions, for the above tax years expired more than 3 years before the filing of the petition herein;*

ANSWER: Admits the allegations in paragraph 12(a).

*b.    The tax liability for the above tax years was assessed by the IRS more than 240 days before the filing of the petition herein;*

ANSWER: Admits the allegations in paragraph 12(b).

*c.    Cosmano's tax returns for the years above were filed more than 2 years before the date of the filing of the petition herein; and*

ANSWER: Admits the allegations in paragraph 12(c).

    *d.*    *Cosmano's tax liability relating to the above tax years does not include debt with respect to which Cosmano made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability.*

ANSWER: Lacks knowledge or information sufficient to admit or deny the allegations of paragraph 12(d).

WHEREFORE, the defendant United States prays that the Court determine whether Plaintiff's federal income taxes and interest thereon for his 2007, 2008, 2009, and 2010 tax years were discharged, and accord the United States any other such relief as the Court deems appropriate.

    Respectfully submitted:

    DAVID A. HUBBERT
    Acting Assistant Attorney General
    Tax Division, U.S. Department of Justice

    */s/ Noah D. Glover-Ettrich*
    NOAH D. GLOVER-ETTRICH
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C. 20044
    202-514-9838
    Noah.D.Glover-Ettrich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/EFC system, which will send notification of such filing to all registered participants.

/s/ *Noah D. Glover-Ettrich*
Noah D. Glover-Ettrich
Trial Attorney, Tax Division
U.S. Department of Justice