# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| James Cosmano, | ) | Case No. 19 B 13287 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| James Cosmano, | ) | |
| | ) | |
| Adversary Plaintiff | ) | Adversary No. 21 A 00059 |
| -vs- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Adversary Defendant. | ) | |

## NOTICE OF MOTION

To:    SEE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on June 21, 2021, at 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the motion of **JAMES COSMANO'S MOTION FOR JUDGMENT ON THE PLEADINGS** a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of

1

Objection is timely filed, the court may grant the motion in advance without a hearing.

                      Respectively Submitted,

                      James Cosmano
                      BY: /S/ PAUL M. BACH
                      Paul M. Bach
                      Penelope N. Bach
                      Bach Law Offices, Inc.
                      P.O. Box 1285
                      Northbrook, IL 60065
                      PHONE: (847) 564 0808

<u>Certificate of Service</u>

I, Paul M. Bach, hereby certify that I caused a copy of this notice and all attachments to be sent to all parties on the service list below by the method stated on the service list on June 9, 2021.

                      James Cosmano
                      BY: /S/ PAUL M. BACH
                      Paul M. Bach
                      Penelope N. Bach
                      Bach Law Offices, Inc.
                      P.O. Box 1285
                      Northbrook, IL 60065
                      PHONE: (847) 564 0808

### SERVICE LIST

**Jeffrey N Nunez**                        BY ECF ELECTONIC DELIVERY
U.S. Department of Justice- Tax Division
P.O. Box 55
Washington, DC 20044

**Noah D Glover-Ettrich**              BY ECF ELECTONIC DELIVERY
United States Department of Justice, Tax
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| James Cosmano, | ) | Case No. 19 B 13287 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| James Cosmano, | ) | |
| | ) | |
| Adversary Plaintiff | ) | Adversary No. 21 A 00059 |
| -vs- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Adversary Defendant. | ) | |

**JAMES COSMANO'S MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Plaintiff, JAMES COSMANO, ("Plaintiff") and pursuant to Federal Rule of Bankruptcy Procedure 12(c) requests that this Court grant and enter Judgment on the Pleadings in favor of Plaintiff and against the United States of America, Department of the Treasury – Internal Revenue Service ("IRS") and determine the tax liability for Plaintiff's income taxes for the years 2007-2010, owed to the IRS to be dischargeable and states as follows:

1. Federal Rule of Civil Procedure 12(c), which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7012, permits a party to move for judgment after the parties have filed the complaint and answer. *Moss* v. *Martin,* 473 F.3d 694, 698 (7th Cir. 2007) *(citing Brunt vs. Serv. Emps. Int'l Union,* 284 F.3d 715, 718 (7th Cir. 2002)).

2. Federal Rule of Civil Procedure 12(c) states; "(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

3. In *Maxwell vs. Novell, Inc. (In Re Marchfirst Inc.),* 431 B.R. 436 (Bankr.N.D.Ill.2010), this Court stated:

> The standard for judgment on the pleadings is often said to be the dismissal standard under Rule 12(b)(6). *See, e.g., Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir.2009). *Alexander v. City of Chicago,* 994 F.2d 333 (7th Cir.1993), however, explains that the Rule 12(b) standard applies only when a defendant uses Rule 12(c) to raise Rule 12(b) defenses. *Id.* at 336. When a party invokes Rule 12(c) to dispose of a case on "the underlying substantive merits," the summary judgment standard applies. *Id.* Thus, judgment on the pleadings may be granted if there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Id.; see, e.g., Robert W. Karr & Assocs., Ltd. v. Novoselsky,* No. 08 C 1197, 2008 WL 4865573, at *2 (N.D.Ill. July 14, 2008).
>
> In determining the presence of factual issues on a Rule 12(c) motion, the court "may consider only the contents of the pleadings." *Alexander,* 994 F.2d at 336. The "pleadings" means "the complaint, the answer, and any written instruments attached as exhibits" under Rule 10(c). *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998). A "written instrument" for purposes of Rule 10(c) includes "documents such as affidavits and letters, as well as contracts and loan documentation." *Id.* at 453 (internal citations omitted). Also, fair game are matters of public record of which the court can take judicial notice. *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991).

4. Plaintiff seeks a determination by this court determining the income tax liability of Plaintiff for the years 2007-2010, owed to the IRS is dischargeable.

5. Previously in the underlying Bankruptcy case, this court has made a determination regarding liens against the Debtor's real estate. Since this issue has already been determined the Adversary Complaint is not seeking relief regarding the liens against real estate. The central issue in this Adversary Proceeding is the personal liability of Plaintiff only.

6. To make a proper ruling on a Motion for Judgment on the Pleadings, the court should consider only the Complaint, Answer and the three exhibits attached to this Motion.

7. Plaintiff requests the court take judicial notice of the three exhibits pursuant to *Maxwell vs Novell, Supra* and *United States vs. Woods, Supra*. These three documents are 1) the Chapter 7 Discharge of Plaintiff entered in Northern District of Illinois Bankruptcy Court, Case 19 B 13827; 2) Complaint in *District Court for the Northern District of Illinois Case 17-cv-5721 vs. James Cosmano ("the District Court case")* and *3)* Judgment Order in the District Court case.

8. Based on the Complaint, Answer and the three exhibits, Plaintiff is entitled to Judgment as a matter of law as there are no material issues or facts in dispute.

## The Burden of Proof and Non Dischargeability under 11 USC 523(a)(1)

9. Pursuant to *In Re Torres*, 117 B.R. 379 (Bankr.N.D.Ill.1990), the creditor bears the burden of proof on all elements necessary to establish nondischargeability. *See, e.g., In re Bogstad,* 779 F.2d 370, 372 (7th Cir.1985).

10. 11 USC 523(a)(1) provides as follows:

(a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
(B) with respect to which a return, or equivalent report or notice, if required— (i) was not filed or given; or
(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

## The Complaint and Answer

11. The IRS admits in full, paragraphs 1-4, 6, 8, and 12a-12c.  Paragraphs 5, 7, 9, 10 are mostly admitted.  Paragraphs 10, 11, 12 and 12d are not answered as the IRS alleges it lacks knowledge or sufficient information.

12. In paragraphs 12a, 12b, and 12c, the IRS admitted to the requirements under 11 USC 523(a)(1).  The IRS also admitted that the IRS was listed in the Plaintiff's Chapter 7 Bankruptcy (Paragraph 5) and that proper notice was given to the IRS (paragraph 6).

13. The IRS, when answering the Third Defense, answered paragraph by paragraph and additionally raises two new defenses on its behalf.

14. First additional defense is the Anti-Injunction Act.  Plaintiff is not seeking an Injunction.  The injunction stated in the prayer for relief was only related to actions to collect the amount alleged by the IRS prior to this Court ruling on the Adversary Complaint. The IRS has not taken any affirmative actions to collect during the pendency of this case therefore, Plaintiff is not seeking an injunction.

15. The second additional defense stated by the IRS, states:

Except as provided in 11 U.S.C. § 524(a)(1), Plaintiff is estopped and barred from contesting his tax liabilities for the 2007 through 2010 income tax years because a money judgment was entered against him on January 12, 2018, in the case of *United States v. James Cosmano*, Case No. 17-cv-5721 (N.D.Ill.).

16. 11 USC 524(a)(1) states:

(a) A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

17. The IRS admits in paragraph nine of the Answer that the District Court Complaint dealt only with the personal liability of the Debtor and not with a fraud or an attempt to evade or defeat the tax liability.

18. In contradiction, the IRS appears to be argue in the second defense that because the judgment was entered in the District Court the tax liability at issue became automatically nondischargeable. However, 11 USC 524(a)(1) applies to the IRS as it does to other creditors and the IRS has not cited to any authority which states otherwise.

19. At no time has the IRS pled that Plaintiff fraudulently or attempted to evade or defeat the tax liability at issue pursuant to 11 USC 523(a)(1)(C). The IRS bears the burden of proof on this issue and must affirmatively plead these facts. See *In Re Krumhorn*, 249 B.R. 295 (Bankr.N.D.Ill.2000).

20. As a result, of the inapplicability of the IRS' defenses the IRS has no viable defense and Judgment should be entered in favor of Plaintiff and against the IRS on the pending Complaint as there are no issues of material fact and Plaintiff is entitled to Judgment as a matter of law.

**WHEREFORE,** James Cosmano, prays this Court enter Judgment Orders as follows:

a) enter an order granting Judgment on the Pleadings in favor of James Cosmano and against the United States of America, Department of the Treasury – Internal Revenue Service pursuant to Federal Rule of Bankruptcy Procedure 7012(c) and find that there are no material issues in dispute and that James Cosmano is entitled to Judgment as a matter of law;

b) enter an order determining his tax liability for James Cosmano's income taxes for the years 2007-2010, owed to the United States of America, Department of the Treasury – Internal Revenue Service, to be dischargeable; and

c) further relief that this court deems just.

DATED THIS the 7th day of June 2021          Respectively Submitted,
James Cosmano

BY:   /S/ PAUL M. BACH
Paul M. Bach
Penelope N. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, IL 60065
PHONE: (847) 564 0808