IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. 19-bk-13287 |
| | ) | Chapter 7 |
| JAMES COSMANO, | ) | Judge A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JAMES COSMANO, | ) | Adv. Proc. No. 21-ap-00059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S RESPONSE
TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant United States of America ("United States") submits this brief in response to Plaintiff James Cosmano's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Mr. Cosmano's motion contends that a defendant in an adversary proceeding to determine the dischargeability of a tax liability must, without the benefit of discovery, affirmatively invoke in its answer the fact-dependent exception to discharge under 11 U.S.C. § 523(a)(1)(C) or face adverse judgment on the pleadings. On the contrary, the discharge exception is not an affirmative defense, and the United States' denial of his allegation that he did not willfully attempt to defeat the tax (by pleading lack of knowledge) adequately preserves the issue for discovery. The pleadings disclose a dispute of material fact as to whether Mr. Cosmano filed a fraudulent return with respect to, or willfully attempted in any manner to evade or defeat, the tax liabilities. This factual dispute forecloses Mr. Cosmano's entitlement to judgment on the

-1-

pleadings, and his motion must consequently be denied.  If the Court disagrees, then it should grant the United States leave to amend.

## BACKGROUND

On April 13, 2021, Mr. Cosmano filed an adversary complaint seeking a determination that his federal income tax liabilities for his 2007 through 2010 tax years were discharged by virtue of this Court's August 13, 2019 order in the underlying Chapter 7 bankruptcy case because—he alleges—none of the exceptions to discharge enumerated in 11 U.S.C. § 523(a)(1) apply.  (ECF No. 1, at ¶ 12.)  The complaint specifically references the exception in § 523(a)(1)(C) and alleges that "Cosmano's tax liability relating to the above tax years [2007 through 2010] does not include debt with respect to which Cosmano made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability."  (*Id.* at ¶ 12(d).)  The United States answered on May 18, 2021, and, as relevant here, responded pursuant to Fed. R. Civ. P. 8(b)(5) that it lacks knowledge or information sufficient to admit or deny that allegation.  (ECF No. 5, at 5.)  Fed. R. Civ. P. 8(b)(5) provides that "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."

Mr. Cosmano subsequently noticed the instant motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  (ECF No. 10.)  In that motion, Mr. Cosmano argues that the United States must "affirmatively plead facts" regarding the applicability of 11 U.S.C. § 523(a)(1)(C) to this case, and that the complaint's allegation that Mr. Cosmano did not make a fraudulent return or willfully attempt to evade or defeat the tax liabilities at issue was "not answered" because the United States averred that it lacks sufficient knowledge to admit or deny the allegation.  (*Id.* at

¶¶ 11, 19.) Mr. Cosmano accordingly contends that there are no issues of material fact and that he is entitled to judgment as a matter of law. (*Id.* at ¶ 20.)

## LAW AND ARGUMENT

### I. Fed. R. Civ. P. 12(c) Standard

Pursuant to Fed. R. Civ. P. 12(c), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012(b), a party may move for judgment on the pleadings once the pleadings are closed. Where, as here, "a party invokes Rule 12(c) to dispose of a case on 'the underlying substantive merits,' the summary judgment standard applies." *In re marchFirst, Inc.*, 431 B.R. 443, 438 (Bankr.N.D.Ill. 2010) (quoting *Alexander v. City of Chicago*, 994 F.2d 333 (7th Cir. 1993)); *accord United States v. Milosevic*, 414 F.Supp.3d 1119, 1121 n.2 (N.D.Ill. 2019). Under that standard, "judgment on the pleadings may be granted if there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *In re marchFirst, Inc.*, 431 B.R. at 438. As discussed below, however, it is not appropriate to view judgment on the pleadings as identical in all respects to summary judgment.

### II. Dischargeability Principles

#### A. Burden of Proof

As an initial matter, the party commencing an adversary proceeding seeking a dischargeability determination bears the burden of demonstrating that his taxes were dischargeable. *See, e.g.*, *In re Thorngren*, 227 B.R. 139, 142 n.7 (Bankr.N.D.Ill. 1998) ("The Plaintiffs initiated the adversary proceeding and therefore hold the burden of proof to show that their taxes are dischargeable"); *In re Sommers*, 209 B.R. 471, 477 n.24 (Bankr.N.D.Ill. 1997) ("Mr. Sommers initiated the adversary proceeding and therefore holds the burden of proof to show that his taxes are dischargeable"); *In re Dube*, 169 B.R. 886, 891 n.5 (Bankr.N.D.Ill. 1994)

("Since the Dubes initiated this adversary proceeding, as plaintiffs, they bear the burden of proof of showing their taxes are dischargeable"), *aff'd*, 1995 WL 238674 (N.D.Ill. Apr. 20, 1995).

If the defendant subsequently asserts that the taxes at issue are non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C) because the debtor either made a fraudulent tax return or willfully attempted to evade or defeat his taxes, the ultimate burden of proof and persuasion then shifts to the defendant to prove by a preponderance of the evidence that the debt is not dischargeable. *See In re Thorngren*, 227 B.R. at 142 n.7; *In re Sommers*, 209 B.R. at 477 n.24; *In re Dube*, 169 B.R. at 891 n.5; *see also In re Claxton*, 335 B.R. 680, 686 (Bankr.N.D.Ill. 2006) (citing *In re Bero*, 110 F.3d 462, 465 (7th Cir. 1997)). In other words, "[t]he burden on the debtors in a dischargeability action is to make a *prima facie* showing of dischargeability, and the government then bears the ultimate burden of proof and persuasion on the nondischargeability of the taxes at issue." *In re Lashbrook*, 1996 WL 33401217, at *2 (Bankr.C.D.Ill. Feb. 22, 1996).

**B.**     **11 U.S.C. § 523(a)(1)(C)**

In general, a Chapter 7 discharge applies to all pre-petition liabilities of the debtor. 11 U.S.C. § 727(b); *In re Birkenstock*, 87 F.3d 947, 950 (7th Cir. 1996). Certain taxes, however, are excepted from discharge; in particular, those "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]" 11 U.S.C. § 523(a)(1)(C). This exception is "comprised of two disjunctive provisions, one involving fraudulent tax returns and the other involving 'willful evasion' of a tax debt." *In re Bryen*, 433 B.R. 503, 515 (Bankr.E.D.Pa. 2010); *accord In re Dagostini*, 482 B.R. 597, 600 (Bankr.E.D.Wis. 2012) (the exception "contains two separate grounds, either of which, if proven, supports a finding of non-dischargeability").

The standard for proving a "fraudulent return" under 11 U.S.C. § 523(a)(1)(C) is "synonymous to the standard for proving a civil fraud penalty under the Internal Revenue Code[,]" *In re Sommers*, 209 B.R. at 481 (citing *In re Irvine*, 163 B.R. 983, 985-86 (Bankr.E.D.Pa. 1994)), and "[i]n construing the fraud prong under § 523(a)(1)(C), courts have noted that the existence of fraud is a factual question and is determined from the record as a whole[,]" *In re Bernstein*, 2017 WL 3314242, at *3 (Bankr.D.N.J. June 7, 2017). Relevant to this factual question are the presence of the so-called "badges of fraud" identified by courts to determine civil fraud penalties, including "large understatements of income made consistently over time[,]" the "failure to keep adequate records[,]" "implausible or inconsistent behavior by the taxpayer[,]" and the taxpayer's act of "concealing assets[.]" *In re Sommers*, 209 B.R. at 481; *accord In re Sly*, 305 B.R. 72, 81 (Bankr.N.D.Fla. 2003) ("Courts considering the badges of fraud to determine whether a debtor has filed fraudulent tax returns have held that 'no one factor is determinative' because courts should base their decision on the 'totality of the circumstances.'") (quoting *United States v. Sternberg*, 229 B.R. 238, 246 (S.D.Fla. 1998)), *aff'd*, 318 B.R. 194 (N.D.Fla. 2004). One difference between a fraud penalty and the determination under § 523(a)(1)(C), however, is that the latter is proved by a preponderance of the evidence, *Grogan v. Garner*, 498 U.S. 279, 291 (1991), whereas—at least in the United States Tax Court—the burden to sustain a fraud penalty is by clear and convincing evidence, *Spitz v. Commissioner*, 954 F.2d 1382, 1383 (7th Cir. 1992) (suggesting that *Grogan* calls into question the Tax Court's use of a clear and convincing standard).

With respect to the component of 11 U.S.C. § 523(a)(1)(C) regarding a 'willful attempt in any manner' to defeat a tax, the Seventh Circuit has held that the exception "comprises both a conduct requirement (that the debtor sought 'in any manner to evade or defeat' his tax liability)

and a mental state requirement (that the debtor did so 'willfully')." *Birkenstock*, 87 F.3d at 951. Whether a debtor willfully attempted to evade or defeat his taxes is "a question of fact to be determined from the totality of the record." *In re Crawley*, 244 B.R. 121, 129 (Bankr.N.D.Ill. 2000). Relevant factors include "extensive dealings in cash[,]" the presence of "intra-family transfers for insufficient consideration[,]" a "failure to acquire significant assets relative to earnings[,]" and an "extravagant lifestyle." *See In re Geiger*, 408 B.R. 788, 791 (C.D.Ill. 2009) (citing *In re Hamm*, 356 B.R. 263 (Bankr.S.D.Fla. 2006)). This inquiry encompasses not just the tax years at issue, but prior and subsequent years as well. *See, e.g.*, *In re Birkenstock*, 87 F.3d at 951 (rejecting debtors' argument that conduct prior to the tax years at issue was irrelevant); *In re Gardner*, 360 F.3d 551, 560-61 (6th Cir. 2004) (highlighting debtor's lavish lifestyle in years following the contested tax years).

### III.  Argument

The gravamen of Mr. Cosmano's Rule 12(c) motion is that the United States was required to affirmatively plead the application of 11 U.S.C. § 523(a)(1)(C) by way of its answer, and that it failed to answer when it averred that it lacks information sufficient to admit or deny Mr. Cosmano's allegation that his tax liabilities were not subject to that exception. As a preliminary matter, Mr. Cosmano's motion does not cite Fed. R. Civ. P. 8(c), which governs affirmative defenses. The United States nevertheless discusses Rule 8(c) below, beginning with Mr. Cosmano's argument that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

#### A.  At the Pleading Stage, Facts Are Viewed in the Light Most Favorable to the Non-moving Party

Mr. Cosmano's argument misapprehends the nature of a motion for judgment on the pleadings by conflating it with summary judgment and fails to account for the allocation of the

burden of proof in dischargeability proceedings. The application of the summary judgment standard to a motion for judgment on the pleadings does not mean that the summary judgment procedures related to submission of evidence apply, such that the party must submit evidence on any issue on which that party has the ultimate burden of proof. Rather, it means that one party or the other may be entitled to judgment "as a matter of law" based on the *undisputed* facts as revealed by the pleadings. A defendant's denial of a material fact is not ignored. Thus, as indicated in *Alexander v. City of Chicago*, the standard "is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." 994 F.2d at 336 (citing *Nat. Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357 (7th Cir. 1987). But in *Alexander*, the defendant was the movant. As explained in *Karaganis*, "[t]he court may consider only matters presented in the pleadings and must view the facts *in the light most favorable to the nonmoving party*." 811 F.2d at 358 (emphasis added).

Mr. Cosmano, as the plaintiff in this adversary proceeding seeking a dischargeability determination, bears the initial burden of proving that his income tax liabilities for his 2007 through 2010 tax years were dischargeable. *In re Thorngren*, 227 B.R. at 142 n.7; *In re Sommers*, 209 B.R. at 477 n.24; *In re Dube*, 169 B.R. at 891 n.5. His complaint alleges that those liabilities do not "include debt with respect to which [he] made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability." (ECF No. 1, at ¶ 12(d).) The United States answered that allegation by averring that it lacks sufficient knowledge or information to admit or deny it.[1] (ECF No. 5, at 5.) Contrary to Mr. Cosmano's assertion that

---

[1] The United States pled it was without knowledge sufficient to deny paragraph 12(d) of the complaint because the determination is fact-intensive and the IRS has not yet provided the administrative files pertaining to its audit assessment for Mr. Cosmano's 2007 tax return of almost $3 million in tax (exclusive of interest or penalties). Currently available to the United

(continued...)

this response left the allegation unanswered, the response "has the effect of a denial." Fed. R. Civ. P. 8(b)(5); *see, e.g.*, *Pavlik v. F.D.I.C.*, 2010 WL 3937621, *3 (N.D. Ill. Oct. 5, 2010); *Fletcher v. Hoeppner Wagner & Evans LLP*, 2015 WL 7016414, *3 (N.D.Ind. Nov. 12, 2015); *see also Reilly v. Badger Coaches, Inc.*, 2019 WL 1435913, at *2 (W.D.Wis. Apr. 1, 2019) (finding "nearly pointless" a motion under Fed. R. Civ. P. 12(c) where the defendants answered pursuant to Fed. R. Civ. P. 8(b)(5) with respect to allegations essential for the plaintiff to prevail).

At this juncture, therefore, the pleadings evince a controverted fact; namely, that Mr. Cosmano's income tax liabilities for his 2007 through 2010 tax years were not the product of a fraudulent return or his willful efforts in any manner to evade or defeat them for purposes of 11 U.S.C. § 523(a)(1)(C). That the United States answered that it lacks information or knowledge on this score is a consequence of the fact that Mr. Cosmano, as the master of his own financial records, personal and business affairs, and tax reporting positions, is the party in possession of the records and information germane to facts-and-circumstances inquiry necessitated by 11

---

States, however, are computer-generated account transcripts of the IRS for Mr. Cosmano's 2007 through 2010 tax years, which show that after he filed returns for those years, the IRS conducted an examination of the returns and, among other things, made the foregoing assessment for his 2007 tax year. That tax is *res judicata* in view of the judgment entered by the District Court for the Northern District of Illinois in *United States v. Cosmano*, Case No. 17-cv-5721, a copy of which is attached to Mr. Cosmano's motion, ECF No. 10-4. It thus appears that Mr. Cosmano either underreported his taxable income for 2007 to the tune of upwards of $9 million (assuming an average tax rate of 32%) or claimed a similar amount of disallowed deductions or losses. In either event, there is enough smoke present in this case to suggest a fire, and the United States believes that discovery will yield information required to support a determination that Mr. Cosmano's tax liabilities were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C).

U.S.C. § 523(a)(1)(C). Discovery is required before the United States can assert that exception with the certitude required by Fed. R. Civ. P. 11. Notably, discovery is already underway.[2]

Notwithstanding the foregoing principles, Mr. Cosmano contends that the United States was required to "affirmatively plead" facts in its answer supporting the application of 11 U.S.C. § 523(a)(1)(C), and that the failure to do so requires judgment entered in his favor. (ECF No. 10, at ¶¶ 19-20.) In other words, he argues that unless the United States is armed with sufficient records and information concerning—among other things—the reasoning behind the debtor's tax reporting positions, his financial affairs, and his lifestyle at the outset of a dischargeability action brought against it, the United States not only will be barred from conducting any discovery into those topics, the debtor must also immediately prevail as a matter of law.

Mr. Cosmano premises his conception of the burden of proof in dischargeability actions upon the decisions of this Court in *In re Torres*, 117 B.R. 379 (Bankr.N.D.Ill. 1990), and *In re Krumhorn*, 249 B.R. 295 (Bankr.N.D.Ill. 2000). Neither opinion supports his theory. In *Torres*, this Court, in declining to address an alleged discharge violation by the Illinois Department of Revenue without an adversary proceeding to determine the dischargeability of the tax, observed that "[t]he creditor bears the burden of proof on all elements necessary to establish nondischargeability." 117 B.R. at 383. The case did not address a defendant's burden when pleading in answer to a complaint seeking a dischargeability determination, as no complaint had yet been filed. *Krumhorn* similarly did not involve any issue regarding the adequacy of an answer to a complaint. The case instead held that the 11 U.S.C. § 523(a)(1)(C) exception was

---

[2] On May 24, 2021, the Court issued an order providing that discovery would close on August 16, 2021. (ECF No. 6.) The United States subsequently served counsel for Mr. Cosmano with interrogatories and requests for the production of documents on June 6, 2021. The Court has since ordered that fact discovery shall close on February 7, 2022. (ECF No. 17.)

*res judicata* in light of a United States Tax Court judgment that the debtor had engaged in trading activity devoid of economic substance to avoid taxes. The Court explained along the way that "the IRS must prove by a preponderance of the evidence that the Debtor 'made a fraudulent return or wilfully attempted in any manner to evade or defeat' his tax obligations." 249 B.R. at 298 (quoting 11 U.S.C. § 523(a)(1)(C)).

The United States does not argue otherwise. Under the decisions of this Court in *Thorngren*, *Sommers*, and *Dube*, *supra*, Mr. Cosmano bears the initial burden of proving that his taxes were dischargeable, and such burden shifts to the United States if it asserts that the taxes are excepted from discharge under 11 U.S.C. § 523(a)(1)(C). But the burden to *prove* the application of an exception to discharge is not triggered by a mere pleading that the exception does not apply, as long as that allegation is not admitted. Even if Mr. Cosmano had not pled the inapplicability of § 523(a)(1)(C), the United States would not have been required to specifically plead the exception because it is not an affirmative defense subject to the pleading requirements of Fed. R. Civ. P. 8(c), as discussed below.

    **B.    § 523(a)(1)(C) is Not an Affirmative Defense**

At bottom, 11 U.S.C. § 523(a)(1)(C) is not an affirmative defense. Affirmative defenses that must be specifically pled under Fed. R. Civ. P. 8(c) are those which "admi[t] the allegations in the complaint, but avoi[d] liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *See Divine v. Volunteers of America of Ill.*, 319 F.Supp.3d 994, 1003 (N.D.Ill. 2018) (quoting *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D.Ill. 2011)); *see also Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990) ("Affirmative defenses must be pleaded . . . in accordance with Rule 8(c) of the Federal Rules of Civil Procedure"). A "negative defense," by contrast, implicates an attack upon the plaintiff's *prima facie* case. *See Riemer*, 274 F.R.D. at 639 (citing 2A Moore's Federal

Practice ¶ 8.27[1] (2d Ed. 1992)).  An assertion by the United States that § 523(a)(1)(C) applies here would squarely contradict Mr. Cosmano's allegation that it does not so apply, and as such, is in the mode of a negative defense.  It accordingly need not be specifically pled in the United States' answer.  *See also In re Hassan*, 301 B.R. 614, 619 n.2 (S.D.Fla. 2003) ("As explained by the IRS, section 523(a)(1)(C) is not an affirmative defense"); *In re Landi*, 289 B.R. 173, 175 (Bankr.M.D.Fla. 2002) (referencing previous determination to overrule debtors' objection that the United States' assertion of § 523(a)(1)(C)'s 'willful evasion' prong was "an affirmative defense that has to be specifically plead"), *aff'd*, 316 B.R. 363 (M.D.Fla. 2004), *aff'd in unpublished table decision*, 138 F. App'x 300 (11th Cir. Mar. 31, 2005).

      That the exception of 11 U.S.C. § 523(a)(1)(C) is not a matter of avoidance which must be affirmatively pled is further supported by the fact that the exception is self-executing.  *See, e.g.*, *In re Moore*, 2017 WL 934641, at *6 n.41 (Bankr.N.D.Okla. Mar. 8, 2017) ("It is worth noting that Sections 523(a)(1) and (a)(7) are self-executing exceptions from discharge, meaning that taxing authorities do not have to seek court authority or permission to collect these types of taxes or penalties after the discharge"); *In re Otero*, 2011 WL 3207552, at *3 n.1 (Bankr.N.D.Ohio July 27, 2011) (observing that 11 U.S.C. § 523(a)(1) is one of the Bankruptcy Code's "self-executing provisions automatically excepting a debt from discharge"); *accord In re Daniels*, 2019 WL 1490429, at *3 (Bankr.N.D.Ga. Mar. 28, 2019).   In this regard, and perhaps ironically, before 2010, discharge in bankruptcy was one of the listed affirmative defenses in Fed. R. Civ. P. 8(c)(1).  The Advisory Committee Note to the 2010 amendment to the rule explains that 11 U.S.C. § 524's rules regarding voiding judgments for discharged debts made it "confusing" to treat discharge as something waived if not pled by a debtor.  The Note goes on to point out that for self-executing discharge exceptions, determinations of dischargeability would

nevertheless continue to be made, "in most instances," in suits brought by creditors in other forums.

In short, there is no support for Mr. Cosmano's contention that the United States was required to allege facts hitherto undiscovered concerning whether he made a fraudulent return or took actions calculated toward evading or defeating his taxes for his 2007 through 2010 income tax years for purposes of 11 U.S.C. § 523(a)(1)(C), or be faced with an adverse judgment as a matter of law. The complaint alleges that Mr. Cosmano's tax liabilities that are at issue in this case were not subject to that exception. The United States' answer, in effect, denied that allegation. This factual dispute precludes Mr. Cosmano's entitlement to judgment as a matter of law under the applicable summary judgment standard. His motion for judgment on the pleadings must accordingly be denied.

In closing, the United States notes that, if the Court ultimately disagrees and concludes that 11 U.S.C. § 523(a)(1)(C) must affirmatively be raised by the United States in its answer, the United States requests leave of the Court to amend its complaint within 56 days of the Court's decision on the matter. Eight weeks should be sufficient time for the IRS to locate the audit files if they are still available (*see* note 1 *supra*).

## CONCLUSION

In short, the United States was not required to specifically plead the application of 11 U.S.C. § 523(a)(1)(C) in its answer to Mr. Cosmano's adversary complaint. Rather, Mr. Cosmano bears the initial burden to show that his income tax liabilities for his 2007 through 2010 tax years were dischargeable, and the pleadings demonstrate a factual dispute over a material issue of fact—whether those tax liabilities were either the subject of Mr. Cosmano's making of a fraudulent return or his willful efforts to evade or defeat them. That dispute

precludes judgment in his favor as a matter of law pursuant to Fed. R. Civ. P. 12(c). His motion should therefore be denied.

        Respectfully submitted:

        DAVID A. HUBBERT
        Acting Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Noah D. Glover-Ettrich*
        NOAH D. GLOVER-ETTRICH
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55, Washington, D.C. 20044
        202-514-9838
        Noah.D.Glover-Ettrich@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

*/s/ Noah D. Glover-Ettrich*
NOAH D. GLOVER-ETTRICH
Trial Attorney, Tax Division
United States Department of Justice
