**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| James Cosmano, | ) | Case No. 19 B 13287 |
| | ) | |
|           Debtor. | ) | Hon. A. Benjamin Goldgar |
| James Cosmano, | ) | |
| | ) | |
|           Adversary Plaintiff | ) | Adversary No. 21 A 00059 |
|           -vs- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
|           Adversary Defendant. | ) | |

**JAMES COSMANO'S REPLY TO THE RESPONSE OF THE UNITED STATES TO THE MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Plaintiff, JAMES COSMANO, ("Plaintiff") and in Reply to the Response of the United States to the Motion for Judgment on the Pleadings and states as follows:

**Introduction**

In a typical Adversary Proceeding before the Bankruptcy Court, the Plaintiff is a creditor or trustee. However, this is not true in the case at bar. The fact that Debtor filed this Adversary Proceeding lends itself to atypical pleadings as demonstrated in the current pending Motion for Judgment on the Pleadings. The Response of the United States demonstrates that at the present time the United States has no evidence that Plaintiff filed a fraudulent tax return or engaged in fraud as provided by 11 U.S.C. § 523(a)(1)(C).

In the last sentence written by the United States just before the conclusion on page 12, the United States argue that the attorneys handling this case have not even contacted the Internal Revenue Service to attempt to find out if the audit files (of the IRS) are still available. The United States possesses documentation that provides the United States with the ability to answer

1

the complaint and respond to the Motion for Judgment on the Pleadings; but the attorneys never requested it. The United States' claim when it answered allegations stating a lack of knowledge sufficient to admit or deny brings into question whether the United States actually lacked knowledge about the facts surrounding 11 U.S.C. § 523(a)(1)(C).

The dispute between Plaintiff and the United States did not simply begin with the filing of the Adversary Complaint. Several sets of Motions that dealt with liens and whether those liens could be avoided under the Bankruptcy Code appear throughout the court's docket. In many of those pleadings (*See Bankruptcy Docket 71*, page 2 last paragraph) the United States overtly challenged Plaintiff to file an Adversary Complaint regarding dischargeability and made clear statements that the taxes in question (2007-2010) were not dischargeable. The United States made these representations and comments when, in fact, the attorneys representing the United States had no knowledge of the facts and stated so in its Answer filed within this case. One example of these comments made by the United States is, "the debtor's federal tax debts were excepted from discharge under Section 523(a)(1)(C), because the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes."

The attorneys for the United States knew that Adversary Proceeding would eventually be filed and that the United States would be required to prove its allegations under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes. The United States confirms this in its Initial Disclosures as to documents stating only, "Relevant, non-privileged, and otherwise discoverable documents compiled by the IRS from its administrative records for the tax years at issue." The United States could have requested the information referenced from the Internal Revenue Service audit files or conducted discovery under Federal Bankruptcy Procedure 2004. Instead, the United States

choose to sit back and do nothing and wait for the Adversary Proceeding and then request to go fishing for information that it not have.

### **Pleadings requirements imposed by the United States Supreme Court**

The Supreme Court instructs us that a pleading must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-556; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("Plaintiff must give enough details about the subject matter of the case to present a story that holds together.").

The factual allegations of the United States can be described as nothing but speculative and the failure to plead violates *Iqbal* and *Twombly*. Nothing could be clearer especially with the higher requirement to plead allegations of fraud contained in the Code of Civil Procedure and Federal Rule of Bankruptcy Procedure.

Allegations of fraud carry a heightened standard to state with particularity the circumstances constituting fraud. [Fed. R. Civ. P., Rule 9(b)]. In such cases, the pleader must allege the who, what, when, where, and how of the claim. *In Re: Amari,* 483 B.R. 836, 846 (Bkrtcy. N.D. Ill. 2012). "[A] formulaic recitation of the elements of a cause of action will not do."

Arguably, James Cosmano is the plaintiff and the United States is the defendant in this atypical pleading scenario so there are some differences. However, *Iqbal* and *Twombly* do stand for the proposition that if a party is required to plead that party must comply with the requirement to give enough details so that the party can know and understand of what conduct is being alleged. Here the United States cannot comply with this requirement as there is no

3

evidence. Plaintiff's huge unfair position would allow the United States to go on a fishing expedition, incur significant legal bills and produce enormous stress without providing and facts or evidence that even suggests Plaintiff made a fraudulent return or willfully attempted to evade or defeat payment of taxes.

Failing to allege relevant facts also causes a due process element as well. Plaintiff has a right to know what conduct or least an idea of what he is being accused of by the government (a story that holds together that is plausible). The simple requirements for a pleading and the definitions of why pleading is required demands that parties to a lawsuit know what accusations are being made. The United States argues it should be able to conduct unlimited discovery and then proceed to trial without telling the court or Plaintiff (through pleadings and discovery) of whatever evidence the United States has in its possession or may have in its possession at that time. The United States appears to want a one sided adversary process; one is which the United States alone determines what occurs in a lawsuit process and how that lawsuit proceeds.

## **Dispute regarding the Burden of Proof**

The United States asserts that the "party commencing an adversary proceeding seeking a dischargeability determination bears the burden of demonstrating that his taxes are dischargeable." The United States then cites three cases that were decided in the 1990s from the Bankruptcy Courts of the Northern District of Illinois.

In *In Re Thorngren*, 227 B.R. 139, 142 n.7 (Bankr.N.D.Ill 1998) the United States quotes from footnote seven. However, the United States only quoted the first half of the footnote. The full footnote is, "The Plaintiffs initiated the adversary proceeding and therefore hold the burden of proof to show that their taxes are dischargeable. However, because the Defendant is asserting the affirmative defense that the Plaintiffs "willfully attempted to evade or defeat their taxes," the

burden has shifted to the Defendant to prove that the taxes are not dischargeable. *In re Sommers,* 209 B.R. 471, 477 (Bankr.N.D.Ill.1997). What is telling about this footnote is not just that the United States left out the most important part of the footnote but in *Thorngren* the United States filed an affirmative defense under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes. This is contrary to what the United States argues here.

*In Re Thorngren* cites to *In re Sommers,* 209 B.R. 471, 477 n.24 (Bankr.N.D.Ill.1997) which is the second case cited for this assertion by the United States. Note 24 in *In Re Sommers,* similar to *In Re Thorngren* leaves out the second half of the footnote and references an affirmative defense related to under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes. Note 24, stated, "Similar to the court in *Dube,* Mr. Sommers initiated the adversary proceeding and therefore holds the burden of proof to show that his taxes are dischargeable. Thereafter the burden shifts to the IRS to "prove that the taxes are not dischargeable because of the affirmative defense that Mr. Sommers willfully attempted to evade or defeat his taxes," or that he made a fraudulent return. *Id. In Re Dube*, 169 B.R. 886 (Bankr.N.D.Ill 1994) is the third case cited by the United States."

*In Re Dube*, 169 B.R. 886, 891 n.5 (Bankr.N.D.Ill 1994) is the third case cited by the United States without citing the full footnote. The full footnote is long but the bolded portion shows the relevant part, "

5 Generally, in suits based on section 523(a)(1)(C), the burden of proving that the debtor's liabilities are nondischargeable is on the party asserting the debts to be nondischargeable, in this case, the IRS. *In re Cox,* 156 B.R. 323, 326 (Bankr.M.D.Fla.1993) *citing Tilley v. Jessee,* 789 F.2d 1074 (4th Cir.1986); *In re Lilley,* 152 B.R. 715, 720 (Bankr.E.D.Pa.1993); *In re Peterson,* 152 B.R. 329, 331 (D.Wyo.1993); *Matter of Brackin,* 148 B.R. 953, 956 (Bankr.N.D.Ala. 1992); *In re Berzon,* 145 B.R. 247, 250 (Bankr. N.D.Ill.1992). The IRS must prove nondischargeability by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755

(1991). Thus, the IRS will meet its burden if it shows that it is more probable than not that the Dubes willfully attempted to evade their taxes. *In re Berzon,* 145 B.R. 247, 250 (Bankr.N.D.Ill.1992). **In the case at bar, the Court notes there is some ambiguity over which party bears the burden of proof. Since the Dubes initiated this adversary proceeding, as plaintiffs, they bear the burden of proof of showing their taxes are dischargeable since there is no constitutional or fundamental right to a discharge in bankruptcy.** *Grogan v. Garner,* **498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). The burden should then shift to the IRS to prove that the taxes are not dischargeable because of the affirmative defense that the Dubes willfully attempted to evade or defeat their taxes.** *See In re Lewis,* **151 B.R. 140, 142 (Bankr. W.D.Tenn.1992) (The Court ruled the plaintiff debtor had a burden of going forward to make a prima facie showing of dischargeability but that the government had the ultimate burden of proof and persuasion on the nondischargeability of the taxes at issue.). Under this Court's disposition, the burden of proof issue need not be decided.**

In all three of the cases cited by the United States, the United States, in those cases, asserted an affirmative defense under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes. The United States here argues the exact opposite. United States argues it does not have to affirmatively plead.

Plaintiff has moved for Judgment on the Pleadings because the United States did not plead. The likelihood is that the United States chose to not file an affirmative defense had nothing to do with requirements. The United States did not file an affirmative defense because lack any evidence to assert an affirmative defense like in *Thorngren*, *Sommers* and *Dube*.

Pursuant to *In Re Torres*, 117 B.R. 379 (Bankr.N.D.Ill.1990), the creditor bears the burden of proof on all elements necessary to establish nondischargeability. *See, e.g., In re Bogstad,* 779 F.2d 370, 372 (7th Cir.1985). The court must keep in mind the main purpose of the federal bankruptcy system "to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character," *Stellwagen v. Clum* , 245 U.S. 605, 617, 38 S.Ct. 215, 62 L.Ed. 507 (1918), exceptions and objections to discharge are to be construed strictly against the creditor and liberally in favor of the debtor. *Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir.

1994). This rule should be enforced here by granting the Motion for Judgment on the Pleadings because the United States has not and cannot state any facts which will give a shadow of a doubt as to its lack of ability to state facts that tell a plausible story as required by the United States Supreme Court.

Plaintiff would assert that even if he had the initial burden, as suggested by the United States and the discussed case law, that burden has already been met based on the Complaint and the Answer. In paragraphs 12a, 12b, and 12c, the IRS admitted to the requirements under 11 USC 523(a)(1). The only thing left is under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes. The IRS also admitted that the IRS was listed in the Plaintiff's Chapter 7 Bankruptcy (Paragraph 5) and that proper notice was given to the IRS (paragraph 6).

The cases above indicate that any use of 11 U.S.C. § 523(a)(1)(C) alleging that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes are required to be asserted an Affirmative Defense. The United States, in its Response, attempts to give general rationales which it believes appropriate under 11 U.S.C. § 523(a)(1)(C). Blanket unsubstantiated statements that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes appear throughout the Response.

These factors stated by the United States include factors such as "extensive dealings in cash[,]" the presence of "intra-family transfers for insufficient consideration[,]" a "failure to acquire significant assets relative to earnings[,]" and an "extravagant lifestyle." None of these factors have even been mentioned by the United States in any capacity in relation to the Plaintiff.

If the United States is given leave to amend that time must be limited. The United States has already had significant time and should have collected the relevant information already.

### **Judgment on the Pleadings**

The United States in its Response although citing case law appears to agree with the Summary Judgment standard proffered by Plaintiff. As a result, this standard is not discussed but Plaintiff herein. Plaintiff is entitled to Judgment on the Pleadings.

The United States does not argue in support of the two defenses mentioned in its Answer (Anti-Injunction Act and effect of a Judgment under 11 USC 524). As a result, this Court should grant Judgment on the Pleadings, or in the alternative grant Judgment in Favor of Plaintiff and against the United States as to the two defenses as the United States abandoned and waived the two defenses by the failure to respond.

**WHEREFORE,** James Cosmano, prays this court enter Judgment Orders as follows:

a) enter an order granting Judgment on the Pleadings in favor of James Cosmano and against the United States of America, Department of the Treasury – Internal Revenue Service pursuant to Federal Rule of Bankruptcy Procedure 7012(c) and find that there are no material issues in dispute and that James Cosmano is entitled to Judgment as a matter of law;

b) enter an order determining his tax liability for James Cosmano's income taxes for the years 2007-2010, owed to the United States of America, Department of the Treasury – Internal Revenue Service, to be dischargeable; and

c) further relief that this court deems just.

DATED THIS the 27th day of July, 2021

Respectively Submitted,
James Cosmano

BY: /S/ PAUL M. BACH
Paul M. Bach
Penelope N. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, IL 60065
PHONE: (847) 564 0808