IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. 19-bk-13287 |
| | ) | Chapter 7 |
| JAMES COSMANO, | ) | Judge A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JAMES COSMANO, | ) | Adv. Proc. No. 21-ap-00059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION TO STAY PROCEEDING**

TO: See attached list

　　PLEASE TAKE NOTICE that on February 7, 2022, at 10:00 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present defendant United States of America's **Motion for a Stay of Proceedings or Discovery Deadline Extension**, a copy of which is attached.

　　**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

　　**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

　　**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1- 646-828-7666. Then enter the meeting ID and passcode.

　　**Meeting ID and password.** The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's web site.

-1-

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Noah D. Glover-Ettrich*
        NOAH D. GLOVER-ETTRICH
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        202-514-9838 (v)
        202-514-5238 (f)
        Noah.D.Glover-Ettrich@usdoj.gov

## CERTIFICATE OF SERVICE

I, Noah D. Glover-Ettrich, certify that I served a copy of this notice and the attached motion on the following by email on January 31, 2022.

Paul M. Bach
Attorney for Plaintiff James A. Cosmano
paul@bachoffices.com

        */s/ Noah D. Glover-Ettrich*
        NOAH D. GLOVER-ETTRICH
        Trial Attorney
        Tax Division, U.S. Department of Justice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. 19-bk-13287 |
| | ) | Chapter 7 |
| JAMES COSMANO, | ) | Judge A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JAMES COSMANO, | ) | Adv. Proc. No. 21-ap-00059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S MOTION
FOR A STAY OF PROCEEDINGS OR DISCOVERY DEADLINE EXTENSION**

Defendant the United States of America ("United States") respectfully moves the Court to stay this adversary proceeding in view of the attached status report and declaration of Ginger Menne filed by the United States in a lien foreclosure suit involving the United States and plaintiff James Cosmano which is pending in the United States District Court for this district, *Wilmington Savings Fund Society, FSB v. Cosmano, et al.*, Case No. 1:20-cv-07032 (N.D.Ill.). These filings reflect the United States' discovery of information evidencing that Mr. Cosmano—a practicing Illinois attorney—made false representations about the character and value of his Chicago condominium unit to the District Court, as well as to this Court during his underlying Chapter 7 bankruptcy case, having added a fake wall to conceal part of the unit to make it appear far smaller than it really is. Because the foregoing revelation bears on the issue for decision in this case; namely, whether Mr. Cosmano "willfully attempted in any manner to evade or defeat"

-1-

his 2007-2010 federal income tax liabilities, *see* 11 U.S.C. § 523(a)(1)(C), the United States requests that the Court permit the United States additional time to investigate this matter by staying these proceedings for a period of 120 days or, alternatively, by extending the parties' February 7, 2022 discovery deadline by an additional 120 days.

Counsel for the United States contacted counsel for Mr. Cosmano to determine whether Mr. Cosmano would consent to the relief sought herein. Mr. Cosmano does not consent to this motion.

In support of this motion, the United States submits as follows:

1. Mr. Cosmano filed an adversary complaint against the United States seeking a determination regarding the dischargeability of his 2007-2010 federal income tax liabilities on April 13, 2021. ECF No. 1.

2. In his adversary complaint, Mr. Cosmano alleges, *inter alia*, that the foregoing liabilities do not "include debt with respect to which Cosmano made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability" within the meaning of the exception to discharge set forth in 11 U.S.C. § 523(a)(1)(C). *Id.* at ¶ 12(d).

3. The United States filed an answer on May 18, 2021, and averred that it lacked knowledge or information sufficient to admit or deny the foregoing allegation. ECF No. 5.

4. Whether Mr. Cosmano's tax liabilities were excepted from discharge pursuant to § 523(a)(1)(C) is the sole dispute in this adversary proceeding.

5. During October 2021, counsel for the parties conferred regarding the possibility of a settlement in this matter. Part of those discussions pertained to the foreclosure suit brought by Mr. Cosmano's mortgage-holder with respect to his Chicago high-rise condominium unit, which suit the United States removed to the to United States District Court for this district,

*Wilmington Savings Fund Society, FSB v. Cosmano, et al.*, Case No. 1:20-cv-07032 (N.D.Ill.). The United States has counterclaimed to enforce its tax liens against the condominium unit, which is located at Unit 1301of the condominium building at 450 E. Waterside Drive, Chicago, Illinois 60601 (the "Waterside Drive building")

6. During the foregoing discussions, counsel for the parties addressed a dispute between the United States and Mr. Cosmano's mortgage-holder in the lien-foreclosure action concerning the appropriate method by which Mr. Cosmano's condominium unit should be sold in satisfaction of the mortgage and the United States' tax liens, and whether Mr. Cosmano would support the United States' bid to have a receiver appointed by the District Court pursuant to 26 U.S.C. § 7403. As part of that inquiry, counsel for the parties agreed and arranged to have Ginger Menne, a Chicago real estate agent, physically visit Mr. Cosmano's condominium unit to develop a broker's price opinion for use in support of the United States' request for the appointment of a receiver.

7. Prior to viewing the condominium unit, Ms. Menne—who is familiar with the Waterside Drive building from her representation of its developer during preconstruction sales of the building's units—expected the condominium to be a three-bedroom, three-bathroom unit spanning about 2,100 square feet, consistent with the building's standard floorplan for units like Mr. Cosmano's with numbers ending in "01."[1]

8. Ms. Menne physically visited Mr. Cosmano's condominium unit on November 13, 2021. Upon arriving at the property, Ms. Menne discovered that Mr. Cosmano had erected a wall which blocked off the unit's master bedroom suite and, in Ms. Menne's words, "effectively

---

[1] Floorplans for Mr. Cosmano's condominium unit and the rest of the floor of the Waterside Drive building are included with the declaration of Ginger Menne.

-3-

cu[t] the unit in half." Ms. Menne likewise learned that Mr. Cosmano had removed a wall dividing one of the remaining bedrooms and the living area. In short, Mr. Cosmano's alterations to his three-bedroom, three-bathroom condominium unit made the unit appear to be a one-bedroom unit with roughly half the original square-footage.

9. Ms. Menne notified counsel for the United States of her discovery, which prompted counsel to request on November 19, 2021, that the District Court stay any decision on cross-motions for summary judgment filed by the United States and the mortgage-holder, and also the mortgage-holder's motion for the appointment of a special commissioner to sell the property, while the United States investigated further. The District Court issued an order reflecting that a decision on the motions was not likely forthcoming within the three-week period following the filing of the United States' request.

10. Counsel for the United States continued to investigate the matter. As part of those efforts, counsel contacted Kristofer Kasten, an attorney representing the condominium association for the Waterside Drive building. According to Mr. Kasten, the alterations Mr. Cosmano made to his condominium unit would have required the association's approval, but Mr. Cosmano never sought it. Moreover, Mr. Kasten explained that the alterations would not have been approved in any event, because they hindered access by maintenance personnel to common utility elements servicing multiple units in the Waterside Drive building (such as water supply, sewer, HVAC, heating, and electricity), and thereby presented a safety hazard.

11. Counsel also reviewed Mr. Cosmano's filings in the lien-enforcement suit and in his Chapter 7 bankruptcy proceeding before this Court. That review disclosed representations made in those cases by Mr. Cosmano, including on his Chapter 7 bankruptcy schedules, about the value of his condominium unit in view of two appraisals—one dated March 21, 2019, the

other May 22, 2020—respectively valuing the unit at $505,000.00 and $497,500.00.[2] Both appraisals were predicated on the unit being a one-bedroom unit of 1,135 square feet, rather than a three-bedroom unit of 2,100 square feet.

12. During his Chapter 7 bankruptcy case, Mr. Cosmano attempted to leverage the foregoing valuations of his condominium unit to defeat the United States' judgment lien stemming from a default judgment it obtained against him for his 2007-2010 income tax liabilities in the case of *United States v. Cosmano*, Case No. 1:17-cv-05721 (N.D.Ill.). *See, e.g.*, *In re Cosmano*, Case No. 19-13287 (Bankr.N.D.Ill.) at ECF No. 11 (June 12, 2019 notice of motion to avoid judgment lien); ECF No. 19 (July 17, 2019 memorandum in support of lien avoidance motion); ECF No. 56 (March 1, 2021 notice of motion to avoid judgment lien); ECF No. 83 (April 12, 2021 reply in support of lien avoidance motion); *see also* ECF No. 1 (Schedule A/B representing that Mr. Cosmano's condominium unit was worth $505,000.00).[3]

13. In late November 2021, counsel for the United States contacted counsel for Mr. Cosmano to arrange a phone call to discuss the United States' findings. On December 6, 2021,

---

[2] Mr. Cosmano procured the first appraisal less than two months before he filed a petition to commence his Chapter 7 bankruptcy case on May 8, 2019. It thus appears that he installed the fake wall in contemplation of undervaluing the asset on his bankruptcy schedules.

[3] In a similar vein, Mr. Cosmano argued in the lien-foreclosure action that his condominium unit was economically underwater in view of the outstanding mortgage balance and the appraisals he procured, and thus the United States' liens were effectively worthless. *See Wilmington Savings Fund Society, FSB v. Cosmano, et al.*, Case No. 1:20-cv-07032 (N.D.Ill.) at ECF No. 55. Mr. Cosmano also argued in a prior lien-foreclosure suit voluntarily dismissed by the United States in view of the mortgage-holder's foreclosure action, that the United States was not entitled to foreclosure in light of his asserted valuation of the condominium unit, *see United States v. Cosmano*, Case No. 1:19-cv-06276 (N.D.Ill.) at ECF No. 34 (contending that Mr. Cosmano's "outstanding mortgage balance of $585,285.31 is greater than the certified residential appraised value of $497,500" and that "[s]ince the outstanding mortgage balance is greater than the value of the property and is superior to the Federal tax lien, it stands to reason that a federal decree of foreclosure would be neither appropriate nor effective").

counsel for the parties spoke over the phone.  Mr. Cosmano's counsel explained that he had discussed the United States' investigation with Mr. Cosmano, and that while Mr. Cosmano apparently disagrees with the United States' concerns, he did not provide his counsel with much information.  Counsel for Mr. Cosmano also indicated he would physically visit Mr. Cosmano's condominium unit during the week of December 13, 2021.  It does not appear he has done so.

14. The United States filed the attached status report and declaration of Ms. Menne in the lien-foreclosure action on January 7, 2022, and the District Court subsequently held a telephonic hearing on the parties' pending cross-motions for summary judgment and the mortgage-holder's motion for the appointment of a special commissioner on January 12, 2022. The Court at that time granted the parties' respective cross-motions (aimed largely at the undisputed issue of priority vis-à-vis the United States and the mortgage holder), denied the mortgage-holder's motion for the appointment of a special commissioner, and instructed the parties to submit a proposed order which, *inter alia*, addressed the appointment of a receiver under 26 U.S.C. § 7403.

15. During the January 12, 2022 hearing, the District Court asked counsel for Mr. Cosmano whether he had any views on the dispute between the United States and the mortgage-holder regarding the method by which the condominium unit was to be sold.  As part of that exchange, counsel for Mr. Cosmano stated that he had not yet physically visited Mr. Cosmano's condominium unit in light of the global COVID-19 pandemic.  He further submitted that Mr. Cosmano disagreed with the facts outlined in the United States' status report.  Aside from its impact upon the method-of-sale dispute, the District Court did not address the United States' status report or indicate what action, if any, it intended to take in view of the report.

16. The United States thereafter reached out to Justin Storer, an attorney who represented Mr. Cosmano during a portion of his Chapter 7 Bankruptcy and who filed motion papers on Mr. Cosmano's behalf one of the motions to avoid the United States' judgment lien, *In re Cosmano*, Case No. 19-13287 at ECF Nos. 11 and 19, to provide him with a copy of its status report and to request non-privileged information Mr. Storer may have regarding Mr. Cosmano's alterations to his condominium unit. Mr. Storer represented to counsel for the United States that he was "horrified" by the contents of the status report and was unaware of the alterations Mr. Cosmano made to the condominium unit or any potential misrepresentations made by Mr. Cosmano to this Court or the District Court. Mr. Storer also stated that he had never physically visited Mr. Cosmano's condominium unit, that Mr. Cosmano had already procured the first of the two appraisals by the time he and Mr. Storer began working together, and that he did not recall seeing any material pertaining to the second appraisal.

17. Counsel for the United States has also contacted Steven Radtke, the trustee for Mr. Cosmano's Chapter 7 bankruptcy case. Mr. Radtke stated that since the Chapter 7 case was closed and he had been discharged from his duties as Trustee (before it was reopened to allow Mr. Cosmano to initiate the instant adversary proceeding), he felt that he did not have a stake in the dispute one way or the other and would not have any further involvement unless and until he was reappointed as Chapter 7 Trustee or received instructions from the Court or the United States Trustee. Mr. Radtke further stated that he had sent emails about the condominium unit in question to the United States' predecessor counsel, but Mr. Radtke refused to turn them over for reasons that remain unknown. (The United States suggests that the Court order the Trustee to turn over any information that he has relating to the condominium unit including but not limited to any emails with counsel for any party in interest.)

18.    At bottom, the alterations Mr. Cosmano made to his condominium unit, which appear motivated by a desire to artificially depress the value of the property, combined with Mr. Cosmano's attacks on the United States' judgment lien in view of that depressed value, bear on the question of whether Mr. Cosmano—in the parlance of § 523(a)(1)(C)—"willfully attempted in any manner to evade or defeat" his 2007-2010 income tax liabilities.

19.    Pursuant to the Court's June 29, 2021 scheduling order, the initial deadline for fact discovery in this adversary proceeding is February 7, 2022, which deadline "may be extended for cause shown."  ECF No. 17, at ¶ 1.

20.    Given the foregoing developments, the United States respectfully submits that additional time is needed to investigate the matter and to permit the District Court to take whatever action it deems appropriate in view of the United States' status report.  The United States accordingly moves for a 120-day stay of these proceedings without prejudice to an extension of that stay for good cause shown, with the parties to file a status report within that 120-day period, and with the parties' initial fact discovery deadline to be extended at the expiration of the stay if the case is not resolved in the interim.  Alternatively, if the Court determines that a stay is not appropriate here, a 120-day extension of the initial fact discovery deadline (that is, from February 7, 2022 to June 7, 2022) is warranted to permit continued discovery into matters embraced by this adversary proceeding, together with the newly-revealed issues concerning Mr. Cosmano's condominium unit, without prejudice to a further extension of that discovery deadline depending upon the outcome of the lien-enforcement proceeding in the District Court.

21.    Finally, the United States notes that on January 18, 2022, the District Court issued an opinion and order overruling the bank's preference for an action by a special commissioner

and agreed with the government's position that a receiver for the condominium should be appointed. *Wilmington Savings Fund Society, FSB v. Cosmano, et al.*, 2022 WL 160286 (N.D. Ill. Jan. 18, 2022). A receiver has not yet been appointed.

WHEREFORE, the defendant the United States of America respectfully requests that the Court grant this motion and order that this adversary proceeding be stayed for 120 days without prejudice to an extension of the stay for good cause shown, with the parties to file a status report within that 120-day period, and with the parties' initial fact discovery deadline to be extended at the expiration of the stay if the case is not resolved in the interim; or, alternatively, extend the parties' initial fact discovery deadline under its scheduling order by 120 days without prejudice to an extension of the discovery deadline.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Noah D. Glover-Ettrich*
NOAH D. GLOVER-ETTRICH

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-9838 (v)
202-514-5238 (f)
Noah.D.Glover-Ettrich@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov