UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| James Cosmano, | ) | Case No. 19 B 13287 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| James Cosmano, | ) | |
| | ) | |
| Adversary Plaintiff | ) | Adversary No. 21 A 00059 |
| -vs- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Adversary Defendant. | ) | |

## MEMORANDUM OF LAW OF DEFENDANT JAMES COSMANO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Now comes the Defendant/Debtor, James Cosmano ("Cosmano"), by his attorney, Paul M. Bach of Bach Law Offices, Inc., and presents his Memorandum of Law in Support of his Motion for Summary Judgment.

INTRODUCTION

On May 8, 2019, the Debtor filed a voluntary petition under the above case number pursuant to Chapter 7 of the United States Bankruptcy Code. The dispute between Plaintiff and the United States before in this Adversary Proceeding did not simply begin with the filing of the Adversary Complaint in this case. Several sets of Motions that dealt with liens and whether those liens are avoidable under the Bankruptcy Code appear throughout the court's docket for the Bankruptcy case. In many of those documents (*See Bankruptcy Docket 71*, page 2 last paragraph as an example), the United States overtly challenged Plaintiff to file an Adversary Complaint regarding dischargeability and made clear in statements in that docket entry that the tax years in question (2007-2010) were not dischargeable. The United States made these representations when, in fact, the United States stated it had no knowledge of the facts in its Answer filed within

1

this case. One example of these comments made by the United States is, "the debtor's federal tax debts were excepted from discharge under Section 523(a)(1)(C), because the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes." *See Bankruptcy Docket 71*, page 2 last paragraph.

On April 13, 2021, James A. Cosmano ("Plaintiff") commenced the above-captioned adversary case.  On May 18, 2021, the United States filed its Answer to the Complaint (Adversary Docket 5) and in paragraphs 12a, 12b, and 12c, the United States admitted to the all but one of the requirements under 11 USC 523(a)(1).  Paragraph 12d which contained the requirements of Section 523(a)(1)(C) was not answered by the United States as the United States alleged it lacked knowledge or sufficient information to answer.  The United States also admitted that the IRS was listed in the Plaintiff's Chapter 7 Bankruptcy (Answer, Paragraph 5) and that proper notice was given to the IRS of the Bankruptcy case (Answer, paragraph 6).

On June 9, 2021, Cosmano had moved for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(c).  The court resolved this Motion by finding that the lack of information in paragraph 12d constituted a denial and prevented the entry of Judgment on the Pleadings.

There was much discussion from the parties in the Motion for Judgment on the Pleadings about whether the United States was required to raise an Affirmative Defense regarding Section 523(a)(1)(C).  To that point the parties discussed *In Re Thorngren*, 227 B.R. 139, 142 n.7 (Bankr.N.D.Ill 1998), *In re Sommers,* 209 B.R. 471, 477 n.24 (Bankr.N.D.Ill.1997) and *In Re Dube*, 169 B.R. 886, 891 n.5 (Bankr.N.D.Ill 1994) at length.  The court, in ruling, found that for the pleading stage what was presented was sufficient.  Today, the parties are well past the pleading stage and discovery will close on April 11, 2022 (after already having been extended

once and subject to the United States Request to Extend that was just filed). The deadline to amend pleadings also expired on November 1, 2021 (See Docket 17- Order entered June 29, 2021, paragraph 6). The United States is therefore without an Affirmative Defense, and cannot now file an Affirmative Defense, which is a fatal defect.

Here as stated below, a Motion for Summary Judgment only takes into consideration, under Federal Rule of Bankruptcy Procedure 7056(a), "the pleadings, depositions, answers to interrogatories and admissions on file, together with the declarations, if any, show there is no genuine issue as to any material fact." As result, since at this stage, the United States must demonstrate a prima facia case with admissible evidence based on its pleadings (which do not and cannot contain an Affirmative Defense it is appropriate to look at what evidence is now available.

## FACTS AND BACKGROUND INFORMATION

The Rule 56.1 Statement of Material Facts states the relevant facts of this Case. However, the United States is without an affirmative defense, and the United States has no evidence in which it could argue against dischargeability. As shown it the Statement of Material Facts, the United States admitted in their answer every element in 11 USC 523(a)(1) except that "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax in 11 USC 523(a)(1)(C).

Any allegations under 11 USC 523(a)(1)(C) by definition are in essence allegations of fraud which are required to asserted in Affirmative Defense. Additionally, these allegations of fraud are required to be asserted with particularity. *See Federal Rule of Bankruptcy Procedure 9(b).*

STANDARD FOR SUMMARY JUDGMENT

Courts have held that "the primary purpose for granting a Summary Judgment Motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." *In re Riley*. 2004 WL 1729880 (Bank.N.D.Ill). This Court stated in *In Re Cohen*, 334 B.R. 392 (Bankr.N.D.Ill.2005),

> Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir.2005) (internal quotation omitted). When a defendant moves for summary judgment, consequently, the Plaintiff has the obligation to make out his prima facie case. To do so, he must adduce evidence on every element of his claim on which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Failing that, summary judgment will be entered for the defendant. See, e.g., *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 694 (7th Cir.2005).

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the declarations, if any, show there is no genuine issue as to any material fact. Federal Rule of Bankruptcy Procedure 7056(c) and Federal Rule of Civil Procedure 56(c) See *In re Ardisson*, 272 B.R. 346, 353 (Bkrtcy.N.D.Ill. 2001) (*citing Bellaver v. Quanex Corp.,* 200 F.3d 485, 491 (7th Cir. 2000); *Feldman v. American Memorial Life Ins. Co.*, 196 F.3d 783, 789 (7 Cir. 1999)).

When such a motion is presented, the court's role stops short of resolving factual disputes or weighing conflicting evidence. *Anderson vs. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). Summary Judgment is appropriate "when a party' fails to make showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Indiana Ins Co. vs. Pana Cmty Unit School Dist. No. 8*, 314 F.3d 895, 900 (7th Cir. 2002) (quoting *Celotex*, 477 US at 322.) "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Fritcher vs. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir 2002) quoting *Anderson*, 477 U.S. at 248. "[E]ven where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law'" *John vs. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (citations omitted).

ARGUMENT

**Lack of an Affirmative Defense and/or Responses to Discovery Show the United States has No evidence to Support an 11 USC 523(a)(1)(C) Claim**

On or about August 31, 2021, pursuant to Federal Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Rules 7026, 7033, 7034 of the Rules of Bankruptcy Procedure Cosmano tendered to the United States his first set of interrogatories and a request to produce. The United States responded to the discovery requests on or about February 25, 2022.

As of April 13, 2022, this Adversary Proceeding has been pending for a year. This timing is relevant, as one year later, the United States is still searching for evidence that Cosmano acted in a way that should deny him his discharge as to their claim. In its response to interrogatories, the United States begins with objections. Although, there is argument to make as to whether their opinion of what is required or not required to be disclosed or what is adequate on its behalf, Cosmano is not addressing these concerns at this time.

However, the answers provided for every interrogatory is nothing but perfunctory and evasive. For example:

- Interrogatory number 1 seeks the name, address, employer, phone number and email address of all individuals who are responding or providing information used to answer discovery. The response was, "only the trial attorney after review of relevant non-privileged portions of the IRS' administrative file…".
- Interrogatory number 2 seeks names of witnesses, lay or expert, that will be called

5

    on this case with requested more detailed information and interrogatory number 4 seeks documents the United States intends on using at trial. The United States responded with an objection saying the disclosure was not yet required under the Federal Rules of Civil Procedure. The United States gave no responsive answer.

- Interrogatory number 6 requests the factual and legal basis for the United States' contention, if any, that federal tax liens attach to all property or rights to property belonging to the Plaintiff, including but not limited to the Plaintiff's interest in the property located at 450 E Waterside Drive, Apartment 1301, Chicago, Illinois 60601, and the property located at 2202 W. Lawrence Lane, Mount Prospect, Illinois 60056. The United States responded with only a partial answer. No facts were shared in this response.

- Interrogatory number 7 and 8 request details and facts that that the United States believes will prove a 11 USC 523(a)(1)(C) claim. The United States objected claim the request was premature, no substantive response was provided.

In addition to the evasive responses to Cosmano's interrogatories, the United States tendered 758 pages of documents. The objections state that the United States will tender all responsive documents they have received from the IRS as long as it is not privileged. Although this seems adequate on the surface, audit documentation only provided IRS made charts and opinion letters, no exhibits for use in trial was submitted or at least referenced as such. After careful review of all 758 pages, it is clear that the United States is being evasive because they do not have evidence that Cosmano should have the claim of the United States excepted from discharge.

Incomplete or evasive discovery responses should be treated as a failure to respond. See Fed. R. Civ. P. 37(a)(4); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). The court has discretion to decide which, if any, sanction is warranted under the circumstances. *See Patrick v. City of Chicago*, 974 F.3d 824, 831 (7th Cir. 2020); *PNC Bank v. Knezevic* (N.D. Ill. 2021). The United States could argue that these arguments were more appropriate for a Motion to Compel or for Sanctions. However, the overwhelming message of the evasiveness of the United States is that the United States does not have sufficient evidence to assert under 11 USC 523(a)(1)(C).

This overwhelming message is why Cosmano has moved for Summary Judgment.

When determining whether a discovery failure is substantially justified or harmless, the court should consider the following: (1) the prejudice to the party against whom the improperly undisclosed evidence is or would be offered; (2) the ability of the violating party to cure the prejudice; (3) the likelihood of disruption of the proceedings; (4) and the bad faith or willfulness involved in not disclosing the evidence earlier. *Uncommon, LLC v. Spigen, Inc.,* 926 F.3d 409, 417 (7th Cir. 2019); *PNC Bank v. Knezevic* (N.D. Ill. 2021).

One year into this action and Cosmano is still guessing as to what the United States is alleging as to 11 USC 523(a)(1)(C). Cosmano has no answers to interrogatories that explain the United States position and no documentation that can be reviewed to see where the accusations of the United States is stemming from. In addition, the United States has not plead an affirmative defense. These three things: no answers, documents or plead defense, causes significant prejudice to Cosmano as Cosmano cannot even begin to prepare a defense.

Deadlines have passed, some extended to April 13, 2022 and yet the United States is seeking additional time for discovery. This is a delay game for the United States, but it is Cosmano's life. This dispute has been ongoing for many years, even prior to the filing of Cosmano's bankruptcy. If the deficiencies were curable, the United States would not be seeking more time they would have their evidence. They do not.

The United States did not disclose answers and documentary evidence as it does not have any. The likelihood of disruption of the proceedings is large as the United States is on a fishing expedition hoping to find something. Cosmano cannot defend against some unknown allegation and not disclosed evidence. This case should conclude now with summary judgment, not continue for another year on a baseless fishing expedition.

7

The United States uses well-written objections to hide the fact it does not have evidence to support its claim. Its actions in not disclosing is not bad faith, as they cannot disclose what they do not have. The bad faith here is in continuing to argue Cosmano committed fraud, delay the case while it tries to prove fraud, all while the United States has failed to amend pleadings to include such a claim or defense.

If Summary Judgment is denied, the appropriate sanction would be to deny the United States the opportunity to submit any evidence not tendered to Cosmano to date and to deny any witnesses or evidence not disclosed throughout the interrogatories.

### An Affirmative Defense is required for the United States to assert 11 USC 523(a)(1)(C) and Burden of Proof

A creditor is required to establish by a preponderance of the evidence that the debt in question should be exempted from discharge. *Grogan vs. Garner*, 498 U.S. 279, 291 (1991); In re Morris, 223 F.3d 548 (7th Cir 2000). In furtherance of the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *Goldberg Sec., Inc. vs. Scarlata, (In re Scarlata,),* 979 F.2d 521, 524 (7th Cir. 1992)(citations omitted).

This Court stated in *Maxwell vs. Penn Media (In Re FirstMarch, Inc.)* 03 A 1141 *(*Bankr.N.D.Ill.2010)

> Evidence offered either to support or deny factual statements, moreover, must be admissible. *Tindle v. Pulte Home Corp.,* 607 F.3d 494, 496 (7th Cir. 2010); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2727 at 496-97 (3d ed. 1998). So, for example, copies of documents cannot simply be slapped on the back of a party's statement of facts or its response with an assertion in the body that the copies are "true and correct." An affidavit must be supplied, one that lays the necessary foundation for the documents' admission. *Article II Gun Shop, Inc. v. Gonzalez,* 441 F.3d 492, 495 (7th Cir. 2006); *Scott v. Edinburg,* 346 F.3d 752, 759 & 760 n.7 (7th Cir. 2003); Wright, Miller & Kane, *supra, §* 2722 at 382-84 ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule

56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.").

In *In Re Thorngren*, 227 B.R. 139, 142 n.7 (Bankr.N.D.Ill 1998) the court stated in footnote seven "The Plaintiffs initiated the adversary proceeding and therefore hold the burden of proof to show that their taxes are dischargeable. However, because the Defendant is asserting the affirmative defense that the Plaintiffs "willfully attempted to evade or defeat their taxes," the burden has shifted to the Defendant to prove that the taxes are not dischargeable. *In re Sommers,* 209 B.R. 471, 477 (Bankr.N.D.Ill.1997). What is telling about this footnote is in *Thorngren* the United States filed an affirmative defense under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes. This is contrary to what the United States did in the case at bar.

*In Re Thorngren* cites to *In re Sommers,* 209 B.R. 471, 477 n.24 (Bankr.N.D.Ill.1997), Note 24 in *In Re Sommers,* similar to *In Re Thorngren* leaves out the second half of the footnote and references an affirmative defense related to under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes. Note 24, stated, "Similar to the court in *Dube,* Mr. Sommers initiated the adversary proceeding and therefore holds the burden of proof to show that his taxes are dischargeable. Thereafter the burden shifts to the IRS to "prove that the taxes are not dischargeable because of the affirmative defense that Mr. Sommers willfully attempted to evade or defeat his taxes," or that he made a fraudulent return. *Id. In Re Dube*, 169 B.R. 886 (Bankr.N.D.Ill 1994) is the third case cited by the United States."

*In Re Dube*, 169 B.R. 886, 891 n.5 (Bankr.N.D.Ill 1994) states as follows in Note 5:

5 Generally, in suits based on section 523(a)(1)(C), the burden of proving that the debtor's liabilities are nondischargeable is on the party asserting the debts to be nondischargeable, in this case, the IRS. *In re Cox,* 156 B.R. 323, 326 (Bankr.M.D.Fla.1993) *citing Tilley v. Jessee,* 789

F.2d 1074 (4th Cir.1986); *In re Lilley,* 152 B.R. 715, 720 (Bankr.E.D.Pa.1993); *In re Peterson,* 152 B.R. 329, 331 (D.Wyo.1993); *Matter of Brackin,* 148 B.R. 953, 956 (Bankr.N.D.Ala. 1992); *In re Berzon,* 145 B.R. 247, 250 (Bankr. N.D.Ill.1992). The IRS must prove nondischargeability by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus, the IRS will meet its burden if it shows that it is more probable than not that the Dubes willfully attempted to evade their taxes. *In re Berzon,* 145 B.R. 247, 250 (Bankr.N.D.Ill.1992). **In the case at bar, the Court notes there is some ambiguity over which party bears the burden of proof. Since the Dubes initiated this adversary proceeding, as plaintiffs, they bear the burden of proof of showing their taxes are dischargeable since there is no constitutional or fundamental right to a discharge in bankruptcy.** ***Grogan v. Garner,*** **498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). The burden should then shift to the IRS to prove that the taxes are not dischargeable because of the affirmative defense that the Dubes willfully attempted to evade or defeat their taxes.** ***See In re Lewis,*** **151 B.R. 140, 142 (Bankr. W.D.Tenn.1992) (The Court ruled the plaintiff debtor had a burden of going forward to make a prima facie showing of dischargeability but that the government had the ultimate burden of proof and persuasion on the nondischargeability of the taxes at issue.). Under this Court's disposition, the burden of proof issue need not be decided.**

If the defendant (the United States here) subsequently asserts that the taxes at issue are non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C) because the debtor either made a fraudulent tax return or willfully attempted to evade or defeat his taxes, the ultimate burden of proof and persuasion then shifts to the defendant to prove by a preponderance of the evidence that the debt is not dischargeable. *See In re Thorngren*, 227 B.R. at 142 n.7; *In re Sommers*, 209 B.R. at 477 n.24; *In re Dube*, 169 B.R. at 891 n.5; *see also In re Claxton*, 335 B.R. 680, 686 (Bankr.N.D.Ill. 2006)(citing *In re Bero*, 110 F.3d 462, 465 (7th Cir. 1997)). Pursuant to *In Re Torres*, 117 B.R. 379 (Bankr.N.D.Ill.1990), the creditor bears the burden of proof on all elements necessary to establish nondischargeability. *See, e.g., In re Bogstad,* 779 F.2d 370, 372 (7th Cir.1985).

"Rule 8(c) requires a party to set forth any affirmative defense in a responsive pleading. Failure to do so may waive the right to present evidence at trial on that defense. *Henry v. First*

10

*National Bank of Clarksdale*, 595 F.2d 291, 298 n.1 (5th Cir. 1979). Additionally, allegations of fraud are required to be alleged with particularity. *See Federal Rule of Bankruptcy Procedure 9(b).* This is especially true in this case as there are no allegations of fraud whatsoever. All that is before the court is a denial in the answer (and even that is based on a lack of information). Even when fraud is not an element of the claim, pleadings must satisfy fraudulent pleading rule if the claim is alleged to be based on fraudulent conduct. *In Re Alphastar Insurance Group Limited*, 383 B.R. 231 (Bankr.S.D.NY.2008). Although, under fraud pleading rule, scienter may be pleaded generally, the pleader must allege facts that give rise to a strong inference of fraudulent intent, which may be established either by (1) alleging facts to show that defendants had both motive and opportunity to commit fraud, or (2) by alleging facts which constitute strong circumstantial evidence of conscious misbehavior or recklessness. Id. Under fraud pleading rule, pleader cannot allege fraud based upon information and belief (which is what a denial for lack of information) unless the facts are peculiarly within the opposing party's knowledge, and, in such cases, pleading must allege facts upon which belief is founded. Plaintiff may plead scienter, as required by fraud pleading rule, by alleging facts that show a motive and opportunity to commit fraud, and these allegations must entail concrete benefits that could be realized by the fraud.[1] [2] The denial which is a result of a lack of information by the United States does satisfy these requirements

Failing to allege affirmative defenses also causes a due process concern. Plaintiff has a

---

[1] Also allegations which simply track language of Bankruptcy Code provision authorizing denial of discharge based on fraud by debtor were insufficient to satisfy particularity requirements for pleading fraud claims. *In Re Perez*, 155 B.R. 844 (Bankr.E.D.N.Y.1993)

[2] To plead fraud with particularity required under federal pleading rules, a pleader must specify the statements contended to be fraudulent, identify the speaker, state when and where statements were made, and explain why statements are fraudulent; put simply, complaint must lay out the who, what, when, where, and how of alleged fraud. *In Re NE 40 Partners, Limited Partnership*, 440 B.R. 124 (Bankr.S.D.TX.2010)

right to know what conduct or least an idea of what accusations the United States is making against him. The simple definitions of why pleadings are required relates to the parties knowing what they are being accused of. The United States argued it should be able to conduct unlimited discovery and then proceed to trial without telling the court or Plaintiff (through affirmative defenses) what the issues are.

> (1) In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: • accord and satisfaction; • arbitration and award; • assumption of risk; • contributory negligence; • duress; • estoppel; • failure of consideration; • **fraud;** • illegality; • injury by fellow servant; • laches; • license; • payment; • release; • res judicata; • statute of frauds; • statute of limitations; and • waiver.

In *In Re Thorngren*, 227 B.R. 139, 142 n.7 (Bankr.N.D.Ill 1998), *In re Sommers,* 209 B.R. 471, 477 n.24 (Bankr.N.D.Ill.1997) and *In Re Dube*, 169 B.R. 886, 891 n.5 (Bankr.N.D.Ill 1994), the United States, asserted an affirmative defense under 11 U.S.C. § 523(a)(1)(C) that the debtor either made a fraudulent return or willfully attempted to evade or defeat payment of taxes.

Here the United States failed to plead a defense related to 11 U.S.C. § 523(a)(1)(C). The Court gave them leave to amend the pleadings which deadline expired November 1, 2021. Since the defense was never raised, Cosmano would be greatly prejudiced at this late juncture by an new defense and therefore, the failure of the United States to plead their affirmative defenses is fatal to any such claim under 11 U.S.C. § 523(a)(1)(C).

In other words, "[t]he burden on the debtors in a dischargeability action is to make a *prima facie* showing of dischargeability, and the government then bears the ultimate burden of proof and persuasion on the nondischargeability of the taxes at issue." *In re Lashbrook*, 1996 WL 33401217, at *2 (Bankr.C.D.Ill. Feb. 22, 1996). The United States has not met this burden.

**11 U.S.C. § 523(a)(1)(C)**

In general, a Chapter 7 discharge applies to all pre-petition liabilities of the debtor. 11 U.S.C. § 727(b); *In re Birkenstock*, 87 F.3d 947, 950 (7th Cir. 1996). Certain taxes, however, are excepted from discharge; in particular, those "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]" 11 U.S.C. §523(a)(1)(C). This exception is "comprised of two disjunctive provisions, one involving fraudulent tax returns and the other involving 'willful evasion' of a tax debt." *In re Bryen*, 433 B.R. 503, 515 (Bankr.E.D.Pa. 2010); *accord In re Dagostini*, 482 B.R. 597, 600 (Bankr.E.D.Wis. 2012) (the exception "contains two separate grounds, either of which, if proven, supports a finding of non-dischargeability").

The United States Tax Court explained the exception to discharge under 11 U.S.C. §523(a)(1)(C) is applicable if the following elements are present: (1) The debtor engaged in an affirmative act or omission to evade or defeat the payment or collection of tax, and (2) the debtor acted willfully. *See United States v. Ja*cobs, 490 F.3d 913, 921 (11th Cir.2007) (and cases cited therein); *United States v. Fegeley*, 118 F.3d 979, 983–984 (3d Cir.1997). A debtor acts willfully under 11 U.S.C. §523(a)(1)(C) by voluntarily and intentionally violating a known legal duty. *Griffith v. United States*, 206 F.3d 1389, 1396 (11th Cir.2000) *see Bussell v. Comm'r of Internal Revenue*, 130 T.C. 222, 130 T.C. No. 13 (T.C. 2008)

The standard for proving a "fraudulent return" under 11 U.S.C. § 523(a)(1)(C) is "synonymous to the standard for proving a civil fraud penalty under the Internal Revenue Code[,]" *In re Sommers*, 209 B.R. at 481 (citing *In re Irvine*, 163 B.R. 983, 985-86 (Bankr.E.D.Pa. 1994)), and "[i]n construing the fraud prong under § 523(a)(1)(C), courts have noted that the existence of fraud is a factual question and is determined from the record as a

13

whole[,]" *In re Bernstein*, 2017 WL 3314242, at *3 (Bankr.D.N.J. June 7, 2017). Relevant to this factual question are the presence of the so-called "badges of fraud" identified by courts to determine civil fraud penalties, including "large understatements of income made consistently over time[,]" the "failure to keep adequate records[,]" "implausible or inconsistent behavior by the taxpayer[,]" and the taxpayer's act of "concealing assets[.]" *In re Sommers*, 209 B.R. at 481; *accord In re Sly*, 305 B.R. 72, 81 (Bankr.N.D.Fla. 2003) ("Courts considering the badges of fraud to determine whether a debtor has filed fraudulent tax returns have held that 'no one factor is determinative' because courts should base their decision on the 'totality of the circumstances.'") (quoting *United States v. Sternberg*, 229 B.R. 238, 246 (S.D.Fla. 1998)), *aff'd*, 318 B.R. 194 (N.D.Fla. 2004). One difference between a fraud penalty and the determination under § 523(a)(1)(C), however, is that the latter is proved by a preponderance of the evidence, *Grogan v. Garner*, 498 U.S. 279, 291 (1991), whereas—at least in the United States Tax Court— the burden to sustain a fraud penalty is by clear and convincing evidence, *Spitz v. Commissioner*, 954 F.2d 1382, 1383 (7th Cir. 1992) (suggesting that *Grogan* calls into question the Tax Court's use of a clear and convincing standard).

With respect to the component of 11 U.S.C. § 523(a)(1)(C) regarding a 'willful attempt in any manner' to defeat a tax, the Seventh Circuit has held that the exception "comprises both a conduct requirement (that the debtor sought 'in any manner to evade or defeat' his tax liability) and a mental state requirement (that the debtor did so 'willfully')." *Birkenstock*, 87 F.3d at 951. Whether a debtor willfully attempted to evade or defeat his taxes is "a question of fact to be determined from the totality of the record." *In re Crawley*, 244 B.R. 121, 129 (Bankr.N.D.Ill.

14

2000). Relevant factors include "extensive dealings in cash[,]" the presence of "intra-family transfers for insufficient consideration[,]" a "failure to acquire significant assets relative to earnings[,]" and an "extravagant lifestyle." *See In re Geiger*, 408 B.R. 788, 791 (C.D.Ill. 2009) (citing *In re Hamm*, 356 B.R. 263 (Bankr.S.D.Fla. 2006)). This inquiry encompasses not just the tax years at issue, but prior and subsequent years as well. *See, e.g.*, *In re Birkenstock*, 87 F.3d at 951 (rejecting debtors' argument that conduct prior to the tax years at issue was irrelevant); *In re Gardner*, 360 F.3d 551, 560-61 (6th Cir. 2004) (highlighting debtor's lavish lifestyle in years following the contested tax years).

## CONCLUSION

The pleadings, depositions, answers to interrogatories, requests to produce and admissions, together with the declarations, if any, show there is no genuine issue as to any material fact. The Defendants admitted most relevant facts in its Answer, failed to file an amended affirmative defense, failed to disclose any supporting documentation or interrogatory that supports an allegation of wrongdoing on behalf of Cosmano (no evidence presented by the United States of willful acts or badges of fraud by Cosmano). For all these reasons, this Court must find in favor of Cosmano and enter Judgment in favor of Cosmano and against the United States.

WHEREFORE, James Cosmano requests that the Plaintiff's Motion for Summary Judgment be granted and Judgment be entered for James Cosmano and for any further relief this court deems just.

Respectively Submitted,
James Cosmano
BY: /S/ PAUL M. BACH
Paul M. Bach
Bach Law Offices, Inc., P.O. Box 1285,
Northbrook, IL 60065 (847) 564 0808