**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| James Cosmano, | ) | Case No. 19 B 13287 |
| | ) | |
|          Debtor. | ) | Hon. A. Benjamin Goldgar |
| James Cosmano, | ) | |
| | ) | |
|     Adversary Plaintiff | ) | Adversary No. 21 A 00059 |
|     -vs- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
|     Adversary Defendant. | ) | |

**James Cosmano's Statement of Facts Pursuant to Rule 56.1**

Now comes the Plaintiff/Debtor, James Cosmano ("Cosmano"), by his attorney, Paul M. Bach of Bach Law Offices, Inc., and presents his Statement of Facts Pursuant to Rule 56.1 in Support of his Motion for Summary Judgment as follows:

INTRODUCTION AND JURISDICTION

1. On May 8, 2019, Cosmano filed a voluntary petition under the above case number pursuant to Chapter 7 of the United States Bankruptcy Code. *Exhibit 1 – Bankruptcy Docket 1 in Case 19-13287, Exhibit 2 – Complaint, paragraph 1, and Exhibit 3 – Answer, paragraph 1.*[1]

2. The Cosmano filed this Adversary Proceeding and is seeking that the court enter an order determining his tax liability for income taxes for the years 2007-2010, owed to the United States of America, Department of the Treasury – Internal Revenue Service and to be dischargeable pursuant to 11 USC 523(a)(1). Exhibit 2 - *Complaint Prayer for Relief (paragraph*

---

[1] Admissible as the bankruptcy court may take judicial notice of the contents of the docket in this matter and related matters such as the underlying bankruptcy case. See *Levine v. Egidi*, Case No. 93C188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993) (authorizing a bankruptcy court to take judicial notice of its own docket); *In re Brent*, 458 B.R.

1

*a) on page 4.* Admissible as the bankruptcy court may take judicial notice of the contents of the docket in this matter and related matters such as the underlying bankruptcy case. See *Levine v. Egidi*, Case No. 93C188, 1993 WL 69146, at *2 (N.D. Ill. Mar. 8, 1993) (authorizing a bankruptcy court to take judicial notice of its own docket); *In re Brent*, 458 B.R. 444, 455 n.5 (Bankr. N.D. Ill. 2011) (Goldgar, J.) (recognizing same). *Handler v. Moore (In re Moore)*, 620 B.R. 617 (Bankr. N.D. Ill. 2020). [1]

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334(b). *Exhibit 2 - Complaint Paragraph 2 and Exhibit 3 – Answer Paragraph 2.*[1]

4. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). *Exhibit 2 - Complaint Paragraph 3 and Exhibit 3 – Answer Paragraph 3.* [1]

5. Pursuant to 28 U.S.C. § 1408 and 1409, this district is the proper venue for this adversary proceeding. *Exhibit 2 - Complaint Paragraph 4 and Exhibit 3 – Answer Paragraph 4.*[1]

## FACTS

6. Among the creditors listed by Cosmano in his Bankruptcy Petition including the Schedules and Statement of Financial Affairs was the United States of America via the Internal Revenue Service ("IRS"). *Exhibit 1 – Bankruptcy Petition, Page 22 of 67 (creditor 2.2), Exhibit 2 - Complaint Paragraph 5 and Exhibit 3 – Answer Paragraph 5 (admits Internal Revenue Service listed in Bankruptcy Petition as a creditor).*[1]

7. The United States of America was given proper notice of the filing of Cosmano's Bankruptcy Case and received the "Notice of Chapter 7 Bankruptcy Case" which was sent by the Bankruptcy Noticing Center on May 11, 2019. *Exhibit 2 - Complaint Paragraph 5 and Exhibit 3*

---

444, 455 n.5 (Bankr. N.D. Ill. 2011) (Goldgar, J.) (recognizing same). *Handler v. Moore (In re Moore)*, 620 B.R. 617 (Bankr. N.D. Ill. 2020).

*– Answer Paragraph 5 (admits Internal Revenue Service listed in Bankruptcy Petition as a creditor).*[1]

8.   As of the Petition Date, Cosmano allegedly owed the IRS $6,051,979.00 for income taxes, penalties and interest (collectively "Tax Liability") for calendar years 2007-10 (collectively "Tax Years").  *Exhibit 2 - Complaint Paragraph 7 (alleges amount of $6,051,979.00) and Exhibit 3 – Answer Paragraph 7 (admits as of the petition date of Plaintiff's underlying Chapter 7 bankruptcy case, Plaintiff owed the United States $6,468,401.56 in federal income taxes, penalties, and interest, with respect to his 2007, 2008, 2009, and 2010 tax years).* [1]

9.   The dispute between Plaintiff and the United States in this Court began with the filing before this Court by the Debtor on June 12, 2019 to Avoid the Lien of the United States (Bankruptcy Docket 11) and a Motion for Relief from Stay filed by the United States on July 11, 2019 (Bankruptcy Docket 15).  *Exhibit 4 – Debtor's Motion to Avoid Lien (Bankruptcy Docket 11) and Exhibit 5 - the United States Motion to Lift the Automatic Stay (Bankruptcy Docket 15).*[1]

10.   The Dispute escalated with additional Motion Practice before this Court additional Motions to Avoid Lien (Docket 55 and 56), a Motion to Reinstate Stay (Docket 63), and a Motion to Approve Declaration (Docket 64).  *Exhibit 6 – Exhibit 6 - Debtor's Motion to Avoid Juidical Lien on 2202 Lawrence Lane, Mount Prospect, Illinois (Bankruptcy Docket 55), Exhibit 7 - Debtor's Motion to Avoid Lien on 450 E. Waterside Drive, Unit 1301, Chicago, Illinois, Exhibit 8 -Debtor's Motion to Reinstate Stay (Bankruptcy Docket 63) and Exhibit 9 - Debtor's Motion Seeking Declaration that Federal Tax Debt Were Dischargeable (Docket 64).* [1]

11.   On August 7, 2017, the United States of America filed suit in the United States District Court for the Northern District of Illinois Case 17-cv-5721 against Cosmano for the

3

stated purpose to reduce to judgment the Tax Liability. ("the District Court Case"). *Exhibit 2 - Complaint Paragraph 8 and Exhibit 3 – Answer Paragraph 8.*[1]

12. No allegations stated in the District Court case allege Cosmano made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability nor is there an allegation of a fraudulent return or willfully attempting in any manner to evade or defeat such tax liability in the District Court's Judgment. *Exhibit 2 - Complaint Paragraph 9 and Exhibit 3 – Answer Paragraph 9 (admits that the complaint in the District Court case did not allege civil fraud).*[1]

13. In its bankruptcy pleadings, The United States overtly challenged Plaintiff to file an Adversary Complaint regarding dischargeability and made clear its viewpoint that the tax years in question (2007-2010) were not dischargeable. (*See Bankruptcy Docket 71*, page 2 last paragraph). *Exhibit 10 – Notice of Objection by Creditor United States.*[1]

14. The United States made its representations, comments when, in fact, the attorneys representing the United States had no knowledge of the facts, and stated so in its Answer filed within this case. *Exhibit 3 – Answer Paragraph 10, 11, 12 and 12d.*[1]

15. On April 13, 2021, Cosmano, commenced the above-captioned adversary case. *Exhibit 2 – Complaint.*[1]

16. When answering the Complaint, the United States admits in full, paragraphs 1-4, 6, 8, and 12a-12c.  Paragraphs 5, 7, 9, 10 are mostly admitted. *Exhibit 3 – Answer.*[1]

17. When answering the Complaint, the IRS did not answer Paragraphs 10, 11, 12 and 12d claiming it lacks knowledge or sufficient information. *Exhibit 3 – Answer.*[1]

18.     When answering the Complaint, the United States in relation to paragraphs 12a, 12b, and 12c, the IRS admitted to three of the four requirements for dischargeability under 11 USC 523(a)(1) (excepting 11 USC 523(a)(l)(C)).  *Exhibit 3 – Answer.*[1]

19.     At no time, in this Adversary Proceeding has the United States affirmatively pled that Plaintiff fraudulently or attempted to evade or defeat the tax liability at issue pursuant to 11 USC 523(a)(1)(C).  *Exhibit 3 – Answer and Adversary Docket (21-59).*[1]

20.     On June 29, 2021, the Court entered a Rule 16(f) Scheduling Order which provided in paragraph 6, "Deadline to Amend Pleadings. The deadline to amend pleadings is November 1, 2021."  *Exhibit 12 – Docket 17.*[1]

21.     No Amended Pleadings were filed by any party by the deadline of November 1, 2021 pursuant to the Rule 16(f) Scheduling Order.  *Exhibit 11.*[1]

22.     The United States at no time has filed an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c) in this Adversary Proceeding.  *Exhibit 11.*[1]

23.     The United States at no time has filed any pleading in this Adversary Proceeding which alleged and stated with particularity that the Cosmano made a fraudulent return or willfully attempted in any manner to evade or defeat such tax pursuant to Federal Rule of Civil Procedure 8(c). *Exhibit 11.*[1]

24.     On August 31st, 2021, the Cosmano propounded Requests for Production and Interrogatories upon the United States.  *See affidavit of Paul M. Bach and Exhibit 13 Exhibit 13 - Plaintiff's First Interrogatories and Requests for Production.*

25.     The United States Response to the Interrogatories and Requests for Production of the Cosmano in regards to Interrogatory #7 stated:

**INTERROGATORY NO. 7: Please describe and identify with detail stating each and every fact and [sic] will prove that James Comano [sic] made a fraudulent return or willfully**

5

**attempted in any manner to evade or defeat such tax liability pursuant to 11 USC 523(a)(1)(C).**

Response: The United States objects to this request on the ground that it is premature in that it seeks to impose an obligation beyond the requirements set forth in Rule 26 of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Fed. R. Bankr. P. 7026). To the extent the requested material is not privileged or otherwise protected, and is relevant, the United States will respond to this contention interrogatory after it has taken the discovery necessary to determine which facts are relevant to its position in the case. *See, e.g.*, *Ziemack v. Centel Corp.*, Case No. 92 C 3551, 1995 WL 729295, at *2 n.3 (N.D. Ill. Dec. 7, 1995) ("[B]ecause one of the chief purposes of contention interrogatories is to narrow the issues for trial, fairness dictates that parties not be forced to prematurely take a position, which would produce an artificial narrowing of the issues, instead of an informed paring down").

*See affidavit of Paul M. Bach.*

26. The United States Response to the Interrogatories and Requests for Production of the Cosmano in regards to Interrogatory #8 stated:

**INTERROGATORY NO. 8: Please describe and identify with detail stating how (with what specific testimony and documents) the United States will prove that James Comano [sic] made a fraudulent return or willfully attempted in any manner to evade or defeat such tax liability pursuant to 11 USC 523(a)(1)(C).**

Response: The United States objects to this request for the reasons set forth in its objection to Interrogatory No. 7, *supra*; namely, the request prematurely seeks information not yet required to be disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Fed. R. Bankr. P. 7026). To the extent the requested material is not privileged or otherwise protected, and is relevant, the United States will respond to this contention interrogatory after it has taken the discovery necessary to determine which facts are relevant to its position in the case. *See, e.g.*, *Ziemack v. Centel Corp.*, Case No. 92 C 3551, 1995 WL 729295, at *2 n.3 (N.D. Ill. Dec. 7, 1995) ("[B]ecause one of the chief purposes of contention interrogatories is to narrow the issues for trial, fairness dictates that parties not be forced to prematurely take a position, which would produce an artificial narrowing of the issues, instead of an informed paring down").

26. The United States Response the Requests for Production of the Cosmano was unresponsive, not a single tax transcript, not a single tax account transcript, the provided audit documentation only provided IRS made charts and opinion letters, no exhibits for use in trial was submitted or at the minimum identified.

6

WHEREFORE, James Cosmano requests that the Plaintiff's Motion for Summary Judgment be granted and Judgment be entered for Defendant and for any further relief this court deems just.

                                                  Respectively Submitted,

                                                  James Cosmano
                                                  BY: /S/ PAUL M. BACH
                                                  Paul M. Bach
                                                  Bach Law Offices, Inc.
                                                  P.O. Box 1285
                                                  Northbrook, IL 60065
                                                  PHONE: (847) 564 0808