IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Case No. 19-bk-13287 |
| | ) | Chapter 7 |
| JAMES COSMANO, | ) | Judge A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMES COSMANO, | ) | Adv. Proc. No. 21-ap-00059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S ANSWER TO THE UNITED STATES OF AMERICA'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF JAMES A. COSMANO**

Plaintiff, James Cosmano ("Cosmano" or "Plaintiff"), by and through his attorney Paul M. Bach and Penelope N. Bach of Bach Law Offices, Inc. and answering the interrogatories propounded by the United States of America ("USA" or "Defendant") states as follows:

**GENERAL OBJECTIONS**

1. In responding to the Interrogatories, Cosmano does not concede that any of the information provided is relevant or material to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Cosmano reserves the right to object to the admissibility at trial of any of the information produced in response to the Interrogatories.

2. Cosmano objects to any Interrogatory to the extent that it purports to impose any obligations upon Cosmano beyond the obligations imposed by the Federal Rules of Civil Procedure and/or any applicable Local Rules or Court order.

3. Cosmano objects to the Interrogatories, and each and every definition, instruction and request therein, to the extent that the information sought: (a) contains privileged attorney-client communications; (b) constitutes work product; (c) was prepared in anticipation of or in connection with litigation or trial; (d) discloses the mental impressions, conclusion, opinions or legal theories of any attorney for or other representative of Plaintiff; (e) is subject to the common interest or joint defense privileges; or (f) is otherwise privileged or exempt from discovery (collectively, "privileged information"). Cosmano does not intend to produce any privileged information. Any disclosure of privileged or protected information in response to any of the Interrogatories inadvertent and shall not be deemed a waiver of any applicable privileges or protections.

4. Cosmano's responses made herein are solely for the purpose of this civil action. Each response is subject to any and all objections to competency, relevancy, materiality, propriety and admissibility, and to any and all other objections and grounds that would require the exclusion of any information identified herein if the information was asked of or disclosed by a witness present and testifying in court, all of which objections and grounds are hereby expressly reserved and may be interposed at a later date.

5. Cosmano objects to the Interrogatories on the ground and to the extent that they seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

6. Cosmano objects to the Interrogatories on the ground and to the extent that they seek information that is not in the possession, custody, or control of Cosmano, and/or that is publicly available and/or more readily obtained from other parties, and/or seek information currently in Cosmano's possession, thus making the Interrogatories unduly burdensome.

7. Cosmano objects to the Interrogatories on the ground and to the extent that they state a legal conclusion, or assume or appear to assume that any fact or event is true. By responding to any such Interrogatory, Cosmano does not concede the accuracy of any such conclusion or assumption.

8. Cosmano intends no incidental or implied admissions by its responses to the Interrogatories. Whether Cosmano responds or objects to any particular Interrogatory should not be interpreted as an admission that Cosmano accepts or admit the existence of any fact(s) set out or assumed by such Interrogatory, or that such response or objection constitutes admissible evidence. Furthermore, whether Cosmano answers part or all of any particular Interrogatory is not intended and should not be construed as a waiver by Cosmano of any or all objections to such Interrogatory.

9. Cosmano objects to the Interrogatories on the ground and to the extent that they are overly broad, burdensome, oppressive, vague, ambiguous and/or lacking in particularization.

## INTERROGATORIES

1. Identify each and every person or entity that possesses knowledge or information about your contention, if any, that you did not willfully attempt in any manner to evade or defeat your federal income tax liabilities for tax years 2007-2010, including such person's or entity's (i) full name, (ii) present address or, if unknown, last known address, (iii) telephone number, (iv) email address, and (v) details of the person's relationship to you (family member, business associate, etc., and how long you know each other).

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, James Cosmano responds as follows: (i) James Cosmano, (ii) 450 E. Waterside Dr. #1301, Chicago, Illinois 60601, (iii) 312 437 9700, (iv) cosmanolaw@yahoo.com, and (v) self.

2. Identify (including names, addresses, and phone numbers) all accountants and attorneys who have provided services to you or to an entity in which you have or have had an ownership interest, at any time since January 1, 2007, and briefly summarize the nature of the services, including identifying any court action or any out-of-court transaction or proposed transaction in connection with which the services were provided, and specify the time period of the services. For any attorney involved in any form of dispute resolution, also provide the identity of the attorney for the other party.

RESPONSE: Without waiving the general objections and not granting permission for the USA to directly contact any attorneys listed in this question except for Paul M. Bach (the attorney client privilege is asserted as well as to each attorney) the following attorneys (no accountants that I can recall) have represented me during at least some of the relevant time period as stated:

    a. Robert Fedor (2015-2019) as to tax matters;
    b. Justin Storer (2019-2020) as to bankruptcy matters; and

      c. Paul M. Bach as to bankruptcy matters including the present adversary proceeding (2021 to present).

3. Identify each person who prepared or reviewed, prior to filing, your personal income tax returns and any and all other tax returns signed by you from January 1, 2007, until the present.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I prepared my own tax returns for 2007 to 2019. I may have had an accountant or tax person review each tax return but I cannot recall if I did so for any particular year (if I did so (which I cannot recall) the name of said person would be on the tax return as a paid preparer). Investigation Continues.

4. Identify and describe with particularity (including the name and address of the institution, account holder names, account number, and period during which account was open or active) all Financial Accounts (as defined above) of any kind whatsoever, including but not limited to joint accounts, accounts that were held in your name, or accounts in the name of any business, corporation, trust, partnership or other entity in which you had an ownership interest or were authorized to access as a signatory, or on which you were obligated or to which you regularly made payments at any time since January 1, 2007. This includes credit card accounts in the names of any spouse or ex-spouse or minor or adult child if you made payments on the account.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I answer to best of my recollection the records that I do have for the period in question:

      a. Bank Accounts

Note that for the period prior to my bankruptcy petition being filed I do not have copies of these bank statements nor do I have access to these bank statements electronically.

Chase ending in 8889 checking account 2007 – present

Chase ending in 3422 checking account 2007 – present

Chase ending in 4616 IOLTA account 2007 – present

      b. Credit Cards

Note that for the period prior to my bankruptcy petition being filed I do not have copies of these statements nor do I have access to these statements electronically.

    Nordstrom FSB
    Account # ending in 2071
    P.O. Box 79137
    Phoenix, AZ 85062

    Chase
    Account # ending in 3881
    P.O. Box 15298
    Wilmington, DE 19850

    Bank of America
    Account # ending in 8587
    P.O. Box 15019
    Wilmington, DE 19886

      c. Other accounts listed on Bankruptcy Petition

See Bankruptcy Petition (Bankruptcy Document 1).

Investigation Continues.

  5. Identify and describe any trust, corporation, partnership or other entity to which you were affiliated in any capacity (including but not limited to as trustee, settlor, beneficiary, member, partner or director) or transferred any assets to or from at any time from January 1, 2007, to the present.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none.

6. Identify and describe with particularity each and every expenditure or acquisition of property (real or personal and tangible or intangible) in excess of $3,000.00 made by you or made by your spouse with money obtained in whole or part from you at any time from January 1, 2007, to the present.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer for real property is as follows and as to personal property I do not believe so based on my recollection:

450 E. Waterside Drive Unit 1301 Chicago, IL 60601 (in foreclosure).  Investigation Continues.

7. Have you sold, gifted, transferred, or otherwise disposed of any property or assets with a cost or fair market value of at least $3,000.00 (including money in that amount or greater) at any time since January 1, 2007, excluding disposal of tangible personal property that, although costing over $3,000.00 had de minimis remaining value at the time you disposed of it?  If so, furnish the following information with respect to each sale, gift, transfer, or other disposal: (i) description of property; (ii) your cost; (iii) fair market value at time of sale, gift, transfer, or other disposal; (iv) date disposed of; (v) consideration received from the transferee; (vi) identity of the transferee; and (vii) your relationship to the transferee.  If the gift was in the form of the purchase of an asset for another person, include a description of the asset purchased and the identity of the donee.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state to best of my recollection the answer is none. Investigation Continues.

8. With respect to each and every loan made to you or any entity identified in response to Interrogatory number 5, above, since January 1, 2007, state the: (i) name of the lender; (ii) principal amount; (iii) date of the loan (and the dates of all disbursements by amount if more than one); (iv) maturity date; (v) rate of interest; (vi) collateral or security interest given

-6-

by you; (vii) date and amount of each repayment; and, (viii) your purpose in borrowing the funds. You may exclude credit card debts for which answers are provided in Interrogatory number 4, above.

**RESPONSE**:  Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer as to 450 E. Waterside Drive, Unit 1301, Chicago, Illinois 60601 and 2202 Lawrence Lane Mount Prospect, Illinois 60056 (Rose Cosmano is joint owner and borrower) is as follows:

    a.   450 E. Waterside Drive, Unit 1301, Chicago, Illinois 60601

        ING Bank original mortgage $755,000 - 2007 – 2015

        Capital One, N.A.  Loan – 2015 - 2019
        Loan # ending in 7965
        P.O. Box 21857
        Eagan, MN 55121

        Select Portfolio Servicing 2019- 2020
        Loan # ending in 3132
        P.O. Box 65250
        Salt lake City, UT 84165

        Wilmington Savings Fund – 2020 – current

    b.   2202 Lawrence Lane Mount Prospect, Illinois 60056

        Chase Bank – 2007 - 2019
        P.O. Box 15298
        Wilmington, DE 19850
        loan amount $297,000

        Community loan Servicing , LLC – 2019- current
        Loan amount:  $180,000
        P.O. Box 740410
        Cincinnati, OH 45724

    9.     For each and every vehicle (including car, truck, sport utility vehicle, automobile, boat, airplane, construction equipment, or other drivable machinery) with a value of over

$500.00 that you or any entity identified in response to Interrogatory number 5, above, owned or leased (including for another person's use) or that you used on more than three occasions (for personal or business purposes), at any time after January 1, 2007, provide the make, model, and model year of the vehicle or machine; the name and address of the vehicle or machine's owner (if the vehicle or machine was owned by anyone other you); the purchase date, cost, and current fair market value of the vehicle or machine (if the vehicle or machine was purchased); the name and address of the lender, the monthly payment amount, and the current loan balance (if the vehicle or machine purchase was financed); and the names and addresses of the lessor and the lessee, the monthly payment amount, and the lease date (if the vehicle or machine is or was leased). If any were leased for another's use, provide the name, address, and the person's relation to you.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, the only vehicle I have owned to my knowledge from 2007 to present is a 2005 Jeep Wrangler.  Investigation Continues.

10.     Have you conducted any transactions involving sums of more than $1,000.00 in cash or using cashier's or bank checks or money orders since January 1, 2007?  If so, describe in detail each and every such transaction, including all persons involved, the purpose, assets or services bought or sold, and describe the source or disposition (as the case may be) of any cash, cashier's check, bank check, or money order received by you if the transaction involved a sale by you.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I may have received an occasional payment in excess of $1,000.00 from a client for legal work from 2007 – present.  However, this was not regular occurrence as very few matter that intensive that more than $1,000.00 in legal services was incurred for a particular client.   I do not believe that this happens more than once or twice a year.  Investigation Continues.

11. For each instance in which you, or any entity identified in response to Interrogatory number 5, above, paid any tuition on behalf of a child, grandchild, or other person at any time since January 1, 2007, in an amount greater than $1,000.00 during any calendar year, describe the payment(s) in detail, including the identity of the student, the institution receiving the payment, the academic period with respect to which the payment(s) was made, and the date, source, and amount of the payment(s).

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none.

12. Have you, or any entity identified in response to Interrogatory number 5, above, paid any expenses or made any purchases (of goods or services) for an adult (over the age of 18 at the time of the payment) child, grandchild, or other relative at any time since January 1, 2007, in an amount greater than $1,000.00 during any calendar year? If so, describe in detail whom the expenses were for, what the expense(s) were, and the date and amount of the expense(s).

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none.

13. Identify and describe with particularity any improvements or repairs costing at least $5,000.00 made to any real estate at which you resided since January 1, 2007, including but not limited to financial account information (*i.e.,* name of financial institution, account number, account name) for any account used to make payments for such improvements, contact information (name, address, phone number, email address) for contractors for work performed, a description of work performed, who performed the work, and whether any cash was paid.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none.

14. Identify with particularity the date and circumstances in which you first sought or were provided with any advice regarding the possibility of filing bankruptcy, including the date or approximate date and the identity of any attorney or other person who provided any advice. If there were separate instances in which you sought or were given such advice with a significant lapse of time between such events, then provide the same information for each such event.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none other than Attorney Justin Storer within a few months of the bankruptcy petition being filed (I assert the attorney-client privilege as to my conversations and communications with Justin Storer and all my other attorneys).

15. If a document responsive to the production requests served with these Interrogatories was, but no longer is, in your possession, custody, or control, describe: (i) how the document was disposed of; (ii) the name, current address, and telephone number of the person who currently has possession, custody or control over the document; (iii) the date of disposition; (iv) the name, current address, and telephone number of each person who authorized said disposition or who had knowledge of said disposition; (v) the specific reason for their disappearance or unavailability; and (vi) all attempts to locate the document.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is I do not know the information requested in this interrogatory as once I review a document I generally destroy the documents. This has been my practice during the time period in question. Investigation Continues.

16. Identify any real property that was owned by you or by any entity identified in response to Interrogatory number 5, above, from January 1, 2007, to present, including but not limited to the disposition of any such real property (name of buyer, sale price, use of sale proceeds, etc.).

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer that I own 450 E. Waterside Drive,

Unit 1301 Chicago, Il 60601 (currently in foreclosure) and 2202 Lawrence Lane Mount Prospect, Il 60056. Neither property has been disposed. Investigation Continues.

17. Identify all trustees, settlors, beneficiaries, members, partners, directors, or employees of any entity identified in response to Interrogatory number 5, and for each such person state (i) the year(s) in which he/she were affiliated with that entity, (ii) his/her job title, and (iii) duties they performed for the entity.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none.

18. Identify any individual stockbroker and/or financial adviser you have worked with since January 1, 2007 (whether or not such individual was working independently or within a firm), including the firm with which such person was affiliated.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none.

19. Identify any transaction in cash in an amount greater than $2,000.00 by you or by any entity identified in response to Interrogatory number 5, above, since January 1, 2007. For each such transaction, include the date or approximate date, the identity and relationship to you of any other individuals or entities involved, and the purpose of the transaction.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the answer is none.

20. State with specificity each and every reason why you failed to fully pay your federal income tax liability for tax years 2007-2010.

**RESPONSE**: Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state the primary answer is that I have not had any funds available for payments during the relevant time period. I also have not filed a fraudulent tax return or attempted to evade the payment of these tax obligations. Further explanation of this answer is more appropriate by deposition. Investigation Continues.

21. Provide the factual and legal basis for your contention, if any, that federal tax liens do not attach to all property or rights to property belonging to you, including but not limited to your interest in the property located at 450 E Waterside Drive, Apartment 1301, Chicago, Illinois 60601, and the property located at 2202 W. Lawrence Lane, Mount Prospect, Illinois 60056.

**RESPONSE:** Without waiving the general objections and not granting permission for the USA to directly contact me regarding this matter, I state in general that the federal tax liens have no value based on the fair market value of the properties in question. For specifics of these arguments see the Motion to Avoids the Tax Liens in the Bankruptcy case as well as the Reply to these Motion and the Response filed in the District Court Foreclosure case. Investigation Continues.

Respectfully submitted,

James Cosmano
By: /s/ Paul M. Bach
One of his attorneys

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564 0808

## ATTESTATION

James Cosmano, deposes and states that he is the Plaintiff in the above-captioned matter, that he has read the foregoing Responses to Defendant's First Set of Interrogatories, and the Responses made herein are true, correct and complete to the best of his knowledge and belief.

Dated: 8/26/21   /s/ James Cosmano
James Cosmano