IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | Case No. 19-bk-13287 |
| | Chapter 7 |
| JAMES COSMANO, | |
| | Judge A. Benjamin Goldgar |
| Debtor. | |
| JAMES COSMANO, | |
| Plaintiff, | |
| | Adv. Proc. No. 21-ap-00059 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**BRIEF IN SUPPORT OF DEFENDANT UNITED STATES' MOTION TO COMPEL
PLAINTIFF JAMES COSMANO TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS**

The defendant United States submits this brief in support of its motion to compel the plaintiff James Cosmano to answer interrogatories and to produce documents. The United States incorporates by reference its factual background set forth in the motion (ECF No. 51).

**Argument**

The United States' motion to compel should be granted. The discovery sought is clearly within the scope of Fed.R.Civ.P. 26(b)(1). James Cosmano's objections should be overruled because he agreed to answer interrogatories and produce documents after the parties' meet-and-confer and/or because the objections were waived or are otherwise not valid. Alternatively, the motion to compel should be granted because as an excuse for his non-compliance, Mr. Cosmano avers that he routinely destroys documents after reading them. If Mr. Cosmano no longer has the documents and they cannot be obtained, then the Court should find that he has committed evidence spoliation and should have an evidentiary sanction entered against him. Finally, as to

Mr. Cosmano's Fifth Amendment assertions, the United States' motion to compel is made protectively, but the Court should hold resolution of the scope of the privilege in abeyance pending a ruling on the parties' respective motions for summary judgment.

### A.  Standard for a Motion to Compel.

The scope of discovery under Fed.R.Civ.P. 26 "should be broad in order to aid the search for truth.  Courts commonly look unfavorably upon significant restrictions placed upon the discovery process." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (cleaned up).  More specifically, Rule 26 permits "discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1).  "As the Supreme Court has instructed…'discovery itself is designed to help define and clarify the issues,' [and] Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *FM Generator, Inc. v. MTU Onsite Energy Corp.*, No. 14-14354, 2016 WL 8902603, at *2 (D. Mass. Aug. 25, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 37(a)(3)(B)(iii)-(iv) allows a party to move to compel responses when "a party fails to answer an interrogatory submitted under Rule 33…[or when] a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iii)-(iv); *see also Kodish*, 235 F.R.D. at 449-50.  Subsection (a)(4) provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4).  If a motion to compel is granted, or the disputed discovery is produced after a motion to compel is filed, a court must, after notice and opportunity to be heard,

award reasonable expenses and attorney's fees to the successful party. *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994).

### **B. James Cosmano's objections are waived and should be overruled on the merits.**

A party served with discovery has 30 days to respond. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If a party fails to object within that period, any objections and privilege claims are waived. *See* Fed.R.Civ.P. 33(b)(4); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Labadie v. Dennis*, No. 07-480, 2008 WL 5411901, at *1 (W.D. Mich. Dec. 23, 2008) (holding all interrogatory objections waived by failure to respond in a timely manner.") (citing *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 337 (E.D. Ky. 2006)).

Although the waiver principle is expressly stated in Rule 33(b)(4), it applies equally to Rule 34 requests. *See Fonville v. Dist. of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (finding automatic waiver of any objections where no extension of time had been requested and no good cause existed for the failure to interpose objections); *also Eastridge v. Goodrich Corp.*, No. 12-862 2016 WL 5661508, at * 4 (W.D. Ky. Sep. 29, 2016) ("The Court finds that the Plaintiff's failure to timely respond to the requests for production in the first written discovery requests results in a waiver of her objections to the requests for production.").[1]

Here, it is undisputed that James Cosmano did not respond in a timely manner (*i.e.*,

---

[1] The foregoing principles also apply to the Fifth Amendment–failure to assert the privilege in timely responses waives the assertion. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (finding waiver of Fifth Amendment privilege because responses to interrogatories were untimely); *United Auto. Ins. Co. v. Veluchamy*, 747 F. Supp. 2d 1021, 1026-27 (N.D. Ill. 2010) (same as to document requests); *United States v. Smith*, No. 99-974, 2017 WL 1047639, at *4 (S.D. Ohio Mar. 20, 2017) (same).

within 30 days, or July 5, 2021) to the United States' discovery requests. In fact, while the United States was willing to forego filing a motion to compel while Mr. Cosmano and his counsel scrambled to come up with responses, this delay had consequences for Mr. Cosmano. Mr. Cosmano did not request an extension to respond, nor did he offer any reason for his failure to respond within 30 days, and indeed he did not respond at all until prompted by the United States pursuant to a Rule 37 meet-and-confer email, and it ultimately took him 83 days to serve interrogatory responses and 90 days to serve responses to the production requests. All objections were accordingly waived, and Mr. Cosmano should be ordered to produce documents and fully answer interrogatories and respond to the United States' document requests immediately.

Even if not waived, on the merits, as reflected in both Mr. Cosmano's Rule 37 response letter and the discovery responses themselves, most of the objections are boilerplate objections that should be overruled or are evasive or frivolous on their face. Courts have routinely overruled discovery responses that are prefaced by pages of non-specific "general objections" that are characterized as boilerplate objections that are conclusory and not tied to any specific request or interrogatory. *Am. Civil Liberties Union v. Gonzales*, 237 F.R.D. 120, 131 (E.D. Pa. 2006); *City of Las Cruces v. United States*, No. 17-809, 2021 WL 5207098 at *11 (D.N.M. Nov. 9, 2021) (general objections were untethered to any discovery request and were too conclusory and boilerplate to be valid); *Queensridge Towers, LLC v. Allianz Global Risks U.S. Ins. Co.*, No. 13-197, 2014 WL 496952, at *3-*4 (D. Nev. Feb. 4, 2014) (characterizing the problems inherent with boilerplate objections).

As a result, the Court must compel James Cosmano to supplement his responses to interrogatory nos. 3, 4, 6, 7, 9, 10, 15, 16, and 20 of the United States' first interrogatories to account for the results of the promised "[i]nvestigation" associated with his answers to those

interrogatories. Mr. Cosmano should be directed to supplement his responses to Request for Production Nos. 1 through 23 of the United States' first request for production of documents to account for the results of the promised "[i]nvestigation" associated with his answers to those document requests. Mr. Cosmano waived his objections, and even if he hadn't, the objections are frivolous or Mr. Cosmano withdrew any objections and said he would supplement his responses, but never did. The United States is entitled to know what records or documents Mr. Cosmano's "investigation" uncovered, or why responsive records are no longer available. This is especially true considering Mr. Cosmano's admission that he readily destroys documents, discussed *infra*.

The Court should further order Mr. Cosmano to supplement his responses to the specific inquiries in the United States initial round of written discovery that were discussed by counsel for the parties in their Rule 37 correspondence, because Mr. Cosmano affirmatively said he would supplement his responses but then he failed to do so:

(1) the document requests (Nos. 9 and 10) for Mr. Cosmano's tax returns and associated filings (schedules, etc.) and substantiating documentation for his 2007 through 2021 tax periods;

(2) the document request (No. 11) regarding gifts of $1,000.00 or more which Mr. Cosmano received since January 1, 2007, in view of Mr. Cosmano's testimony at the 341 meeting in the underlying Chapter 7 case where he said he receives $5,000 in gifts per month;

(3) the document request (No. 4) regarding insurance maintained on Mr. Cosmano's real properties since January 1, 2007;

(4) the interrogatory (No. 9) regarding vehicles with a value of $500.00 or greater that Mr. Cosmano owned, leased, or used on 3 or more occasions, since January 1, 2007, and the document request (No. 13) regarding vehicles for which Mr. Cosmano made purchase, loan, or

lease payments since January 1, 2007, in view of a 2010 Mercedes Benz and a 2004 Lexus associated with Mr. Cosmano identified by counsel for the United States in the Rule 37 correspondence; and

(5) the interrogatory (No. 5) regarding entities with which Mr. Cosmano was affiliated since January 1, 2007, and the document requests (Nos. 10 and 14-16) regarding (a) federal or state tax returns filed by Mr. Cosmano on behalf of any entity since January 1, 2007, and (b) specified records of any entity owned by Mr. Cosmano since January 1, 2007, in view of six discrete entities registered with the Illinois Secretary of State that appear to be, or have been, affiliated with Mr. Cosmano, which entities were identified by counsel for the United States in the Rule 37 correspondence.

As evidenced by his discovery responses and his Rule 37 response letter, Mr. Cosmano has ignored the letter and spirit of Rule 26, and the United States' motion to compel responses to its first set of discovery responses should be granted.

**C. Mr. Cosmano should face spoliation sanctions for any destroyed responsive documents.**

An additional reason the United States moves to compel Mr. Cosmano to produce documents is because his responses claim that he does not retain documents, instead destroying them after reading them. In response to interrogatory number 15 (which asks about documents that once were, but no longer are in Mr. Cosmano's possession), Mr. Cosmano states, "…I do not know the information requested in this interrogatory as once I review a document I generally destroy the documents." Because this interrogatory asked about any documents that were, but no longer are within Mr. Cosmano's possession, custody, or control, presumably this document retention policy (or lack thereof) applies to all the United States' production requests and is the explanation for why he has not produced a single document in this case. For an attorney who has

been in a tax dispute with the United States since 2012 to destroy relevant documents demonstrates blatant obstruction.  Because he admits to the destruction, it appears that all that remains for the Court to do is to decide on an appropriate sanction when the time is ripe.

As a general matter, even if destroying all documents is Mr. Cosmano's general practice, it cannot trump his duty to preserve relevant records in anticipation of litigation.  *See, e.g.*, *Design Basics, LLC v. Drexel Bldg. Supply, Inc.*, No. 13-560, 2016 WL 4742285 at * 2 (E.D. Wis. 2016) ("'The duty to preserve evidence includes any relevant evidence over which the non-preserving entity had control and reasonably knew or could reasonably foresee was material to a potential legal action.'").  While subsequent motion practice would be needed to determine the propriety of any sanctions, courts have the inherent authority to impose sanctions including an adverse evidentiary inference as a sanction the spoliating party.  *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 449-50 (4th Cir. 2004).  Generally, "'[s]poliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.'" *EEOC v. JetStream Ground Servs., Inc.*, 878 F.3d 960, 964 (10th Cir. 2017) (cleaned up).

Mr. Cosmano has been engaged in a dispute with the United States (and the IRS) since at least 2012, when he asked the IRS Office of Appeals to reconsider his assessed income tax deficiencies.  He has also been a party to three separate civil actions in this district dating back to 2017, as well as the underlying Chapter 7 bankruptcy case, and this adversary proceeding (which he initiated as the plaintiff).  He is an attorney and has known of actual or imminent litigation regarding his tax liabilities dating back ten years to when he lodged a protest with the IRS Office of Appeals and continuing with actual litigation over the specific taxes at issue in this case. Yet, Mr. Cosmano did not produce a single page of documents, and the stated reason is because he

destroyed documents.  If true, he should be sanctioned as a result.

"Sanctions that a federal court may impose for spoliation include assessing attorney's fees and costs, giving the jury an adverse inference instruction, precluding evidence, or imposing the harsh, case-dispositive sanctions of dismissal or judgment." *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1008 (D. Ariz. 2011) (cleaned up).  In this instance, the United States' case will be prejudiced by a lack of direct evidence produced by Mr. Cosmano, and so the Court should issue a sanction that includes an adverse evidentiary inference at both the summary judgment stage, and trial if necessary, deeming the matters embraced by the United States' discovery requests as established for this action, and a preclusion on Mr. Cosmano providing any testimony or offering any testimony on these topics.

**D. James Cosmano's Fifth Amendment privilege claim should be overruled or narrowed because he failed to make the requisite showing that he has a reasonable apprehension of prosecution with particularity, but the Court need to reach this issue unless a trial is set.**

As noted in its motion, the United States is moving the Court to overrule Mr. Cosmano's Fifth Amendment invocation protectively, to preserve the argument if this case is not resolved on summary judgment.  The scope of the Fifth Amendment's application to this case only needs to be reached if there is to be a trial.  The United States outlines the pertinent law here but requests a more fulsome opportunity to brief this issue should it be required in advance of trial.

Pursuant to the Fifth Amendment to the United States Constitution, "No person…shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Generally, the privilege against self-incrimination "…is not self-executing and [a party] who desires its protection must claim it." *Salinas v. Texas*, 570 U.S. 178, 181 (2013) (plurality op.) (quoting authority omitted).  The Fifth Amendment privilege against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or

adjudicatory." *Kastigar v. United States*, 406 U.S. 441, 444 (1972). But the party asserting the privilege cannot make a blanket claim, and it must be asserted "…with sufficient particularity to allow an informed ruling on the claim." *N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987). To comply with this predicate, the privilege must be asserted on a question-by-question, document-by-document basis. Requiring an individual to interpose the Fifth Amendment privilege on a question-by-question (or document-by-document) basis serves several important purposes. "First, it helps the court in making an assessment of whether the privilege is justified with respect to the particular question being asked. [Second], it prevents the taxpayer from using a blanket claim of privilege as a shield for unprivileged evidence of wrongdoing*." United States v. Allshouse*, 622 F.2d 53, 56 (3d Cir. 1980). In a bankruptcy context, this Court has agreed that blanket assertions of the Fifth Amendment privilege are generally improper. *See In re Connelly*, 59 B.R. 421, 432-34 (Bankr. N.D. Ill. 1986).

The United States contends that Mr. Cosmano has offered improper, vague, and blanket privilege claims on topics that are not likely to incriminate him, and which are also topics that concern a publicly recorded real estate transaction or are matters that occurred as part of public filings in this case or the underlying bankruptcy case. If he apprehends fear of prosecution based on prior statements or filings before this Court, Mr. Cosmano must articulate them rather than assert a blanket privilege objection. Because James Cosmano has not even attempted to make a threshold showing that his broad Fifth Amendment privilege claim has any reasonable basis, it should be overruled. As set forth in the motion, the United States believes that the undisputed record and the adverse inference that attaches by way of Mr. Cosmano's Fifth Amendment assertions, *see generally LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995), means that the Court does not need to resolve the Fifth Amendment issues at this stage of the

case. Should no party be granted summary judgment, then the Court should revisit the Fifth Amendment issue prior to trial and give the parties an opportunity to supplement the legal and factual positions based on what is known about the criminal investigation at that later date.

## Conclusion

For the reasons stated herein, James Cosmano waived his discovery objections, or he withdrew his objections and then failed to supplement his responses, and so he must comply with his discovery obligations. Additionally, the Court should determine that based on his admitted destruction of responsive documents, an evidentiary sanction is proper. Finally, the United States contends that James Cosmano's objections based the Fifth Amendment must be overruled because he has not shown a specific and reasonable apprehension of prosecution on a question-by-question basis, but the Court should hold resolution of this issue in abeyance until a trial is set in this case. The order should include a firm deadline after which testimony, documents, or other evidence not disclosed should be precluded from being introduced.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ

*/s/ Noah Glover-Ettrich*
NOAH GLOVER-ETTRICH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-5218 (v)
202-514-5238 (f)
Jeffrey.N.Nunez@usdoj.gov
Noah.D.Glover-Ettrich@usdoj.gov